EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ESTATE OF JOSEPH SNIADACH, and JOSEPH
SANKY, on behalf of themselves and all others
similarly situated,

Plaintiffs,

v.

BENNETT WALSH, DAVID CLINTON, VANESSA
LAUZIERE, CELESTE SURREIRA, FRANCISCO
UREÑA, and MARYLOU SUDDERS,

Defendants.

No. 20-CV-30115

**CLASS SETTLEMENT
AGREEMENT**

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement is made by and between the Class Representatives, individually and on behalf of the Settlement Class, Defendants, and the Governor's Office for the Commonwealth of Massachusetts on behalf of the Commonwealth of Massachusetts.[1] The Class Representatives, the Settlement Class, Defendants, and the Commonwealth of Massachusetts are collectively referred to as the "Parties." If appointed by the Court, Class Counsel and the Claims Administrator by signing this Agreement also undertake certain obligations required of them by the Agreement and enjoy certain rights afforded them by this Agreement.

## RECITALS

WHEREAS, on July 17, 2020, Paul Sniadach, the personal representative of Joseph Sniadach, on behalf of all others similarly situated, filed a complaint against Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, and Francisco Ureña in the United States District Court for the District of Massachusetts, Case No. 20-CV-30115;

---

[1]   Capitalized terms in this Agreement are defined in Section 1, below.

WHEREAS, on December 23, 2020, Vicky Philips-Chiz, personal representative of the estate of Stanley Chiz, filed a complaint against Bennet Walsh, David Clinton, Vanessa Lauziere, Celeste Surreria, and Francisco Ureña in the United States District Court of Massachusetts, Case No. 20-CV-30194;

WHEREAS, on June 21, 2021, Judge Mark G. Mastroianni ordered Case No. 20-CV-30194 to be consolidated with Case No. 20-CV-30115, directed the parties to docket all further filings in Case No. 20-CV-30115, and ordered plaintiffs to file an amended complaint by September 20, 2021;

WHEREAS, on September 20, 2021, the Estates of Robert E. Blais, William C. Chandler, Stanley Chiz, Earl W. Desrochers, Emilio J. Dipalma, John J. Faszcza, Julius Green, Theodore A. Kapinos, Harry P. Malandrinos, James Mandeville, James L. Miller, Alan David Mundie, Albert Warren Nothe, Ricardo J. Russo, Sr., Joseph C. Santos, and Joseph Sniadach, and Joseph Sanky, on behalf of themselves and all others similarly situated, filed an Amended Complaint against Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, and Marylou Sudders in the United States District Court for the District of Massachusetts, Case No. 20-CV-30115;

WHEREAS, on May 19, 2022, the Estates of Robert E. Blais, William C. Chandler, Stanley Chiz, Earl W. Desrochers, Emilio J. Dipalma, John J. Faszcza, Julius Green, Theodore A. Kapinos, Harry P. Malandrinos, James Mandeville, James L. Miller, Alan David Mundie, Albert Warren Nothe, Ricardo J. Russo, Sr., Joseph C. Santos, and Joseph Sniadach, and Joseph Sanky, on behalf of themselves and all others similarly situated, filed a Second Amended Complaint against Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, and Marylou Sudders in the United States District Court for the District of Massachusetts, Case No. 20-CV-30115;

WHEREAS, the Second Amended Complaint alleges that Defendants violated the rights of the Settlement Class by failing to protect them from harm, provide them with a safe environment, and provide them with minimally adequate medical and nursing care at the Holyoke Soldiers' Home during the COVID-19 pandemic;

WHEREAS, Class Representatives and Class Counsel (defined below) have pursued this Litigation believing that it is meritorious, and they have conducted an investigation of the facts and law surrounding this case, including, but not limited to (i) reviewing the report of the independent investigation commissioned by the Governor of the Commonwealth of Massachusetts into care at the Holyoke Soldiers' Home during the unprecedented COVID-19 pandemic; (ii) developing arguments for class certification; and (iii) preparing for filing a motion for class certification.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, in light of all known facts and circumstances, including the risk of significant delay, the defenses available to Defendants, trial risk, and appellate risk;

WHEREAS, Defendants deny liability and wrongdoing of any kind associated with the claims alleged, and contend that this Litigation is not appropriate for class certification or for class treatment.  Defendants continue to assert that the Class Representatives will not be able to establish any entitlement to relief.  Defendants further maintain and do not concede that the care provided to the veterans at the Holyoke Soldiers' Home during the earliest days of the unprecedented COVID-19 pandemic constituted a failure that is actionable under the standards applicable to the claims asserted in the Second Amended Complaint;

WHEREAS, unlike the other defendants in this case, Secretary Sudders first learned of the evolving crisis at the Holyoke Soldiers' Home on Saturday, March 28, 2020.  At that time,

Secretary Sudders tasked Secretary Ureña with investigating the situation, and she only became aware of the full extent of the COVID-19 outbreak at the home on the evening of March 29, 2020;

WHEREAS, when Secretary Sudders became aware of the situation at the Holyoke Soldiers' Home, she immediately assembled a response team to take control of the Holyoke Soldiers' Home, and that team arrived at the Holyoke Soldiers' Home on the morning of March 30, 2020, and the actions of that team undoubtedly helped reduce the scope of the outbreak;

WHEREAS, Defendants further assert that despite their good faith belief that they are not liable for the claims asserted, and despite their good faith belief that class certification would not be appropriate, Defendants will not oppose the District Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement.  Defendants' agreement to certification of the Settlement Class is expressly without prejudice to Defendants' rights to oppose certification of a class or oppose any other claim (i) in this Litigation, should the Agreement not be approved or implemented for any reason; or (ii) in any other litigation, whether pending in Massachusetts or elsewhere;

WHEREAS, pursuant to G.L. c. 258, § 9, the Commonwealth of Massachusetts has agreed to indemnify some or all Defendants for some or all of the claims asserted against them in this Litigation;

WHEREAS, the Commonwealth of Massachusetts denies liability associated with the claims alleged in this Litigation and continues to assert that the Class Representatives will not be able to establish any entitlement to relief and that the care provide to the veterans at the Holyoke Soldiers' Home during the earliest days of the unprecedented COVID-19 pandemic did not constitute a failure that is actionable under the standards applicable to the claims asserted in the Second Amended Complaint;

4

WHEREAS, in the event this Agreement is not approved or is otherwise terminated, this Agreement shall be deemed null and void and be of no further force or effect and may not be used by any Party for any purpose in this Litigation or in any other action;

WHEREAS, the entry of Final Judgment in this Litigation shall dismiss with prejudice all claims which were or which could have been alleged in the Litigation by any and all Settlement Class Members against Defendants and the Commonwealth of Massachusetts, with the exception of any individual claims that might be retained by Settlement Class Members who exclude themselves from the Settlement, if any; and

WHEREAS, the Parties agree to cooperate and take all reasonable steps necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to dismiss this Litigation with prejudice.

THEREFORE, the Parties hereby agree as follows:

## 1.    Definitions

1.1     The term "Additional Compensation Fund" as used herein means the fund created pursuant to Paragraph 9.1.2.

1.2     The term "Agreement" as used herein means this Class Settlement Agreement.

1.3     The term "Allocated Amount" is the amount of the Global Settlement Amount that the Claims Administrator awards to a Participating Class Member.

1.4     The term "Attorneys' Fees and Costs" as used herein means the attorneys' fees and costs to be requested by Class Counsel, subject to Court approval in accordance with the provisions below.

1.5     The term "Claims Administrator" as used herein means, subject to the Court's approval, Donald K. Stern, of Affiliated Monitors, Inc., and any individuals or entities he so designates to assist him, all such designated appointees to have appropriate qualifications, skills,

and relevant experience as determined by Stern in his sole discretion, and, if Stern shall decline to serve as the Claims Administrator, or shall for any reason resign from such duties, the Parties shall work in good faith to select a Claims Administrator acceptable to each of them and present the replacement Claims Administrator to the Court for its approval.

1.6     The term "Claim Form" as used herein means the Claim Form for the Settlement Class attached hereto as <u>Exhibit 3</u>, which is agreed to by the Parties, subject to Court approval, as the method by which a Settlement Class Member may seek to participate in the settlement.  Only those Settlement Class Members who submit a Claim Form and a Release, in the manner set forth in this Agreement shall be eligible to recover a share of the Global Settlement Amount.

1.7     The term "Class Counsel" as used herein means, subject to the Court's approval, the following counsel who have appeared on behalf of the Class Representatives: Thomas Lesser and Michael Aleo of LESSER, NEWMAN, ALEO, & NASSER LLP.

1.8     The term "Contact Information" as used herein means the list of the physical mailing addresses and telephone numbers for (i) living Settlement Class Members and (ii) the next of kin for all Settlement Class Members to the extent known.

1.9     The term "Class Representatives" as used herein means Joseph Sanky and the Estate of Joseph Sniadach.

1.10    The term "Commonwealth of Massachusetts" as used herein shall include without limitation any state agency as defined in Section 1 of Chapter 29 of the General Laws and all of its current or former affiliates, officers, officials, directors, employees, agents, indemnitees, attorneys and insurers, in his or her individual or official capacity.  The Commonwealth of Massachusetts is a Party to this Agreement only in so far as the rights and releases granted it and obligations required of it in this Agreement.

1.11    The term "Commonwealth Released Parties" shall mean Defendants and the Commonwealth of Massachusetts, including without limitation any state agency as defined in Section 1 of Chapter 29 of the General Laws and all of its current or former affiliates, officers, officials, directors, employees, agents, indemnities, attorneys and insurers, in his or her individual or official capacity.

1.12    The term "Court" shall mean the United States District Court for the District of Massachusetts and specifically Judge Mastroianni, who is presently presiding over this Litigation.

1.13    The term "COVID-19" as used herein means the severe acute respiratory syndrome, coronavirus 2 (SARS-CoV-2), which is the strain of coronavirus that causes the COVID-19 disease.

1.14    The term "Defendants" as used herein means Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, and Marylou Sudders.

1.15    The term "Final Judgment" as used herein refers to the Final Judgment and Order of Final Approval approving the Settlement and dismissing the Litigation with prejudice as against Defendants, which this Settlement and Agreement contemplates will be entered and approved by the District Court.

1.16    The term "Global Settlement Amount" as used herein shall mean Fifty-Six Million Dollars ($56,000,000), which if appropriated by the Legislature, will be made available by the Commonwealth of Massachusetts pursuant to this Settlement, which together with the additional amounts contemplated by Paragraph 9.2.2 and 10.1 below represents the Commonwealth of Massachusetts' maximum liability under this Agreement or otherwise pursuant to this Settlement.

1.17    The term "Governor's Office" as used herein means the office of Massachusetts Governor Charlie Baker and Lieutenant Governor Karyn Polito.  The Governor's Office is a Party to this Agreement only for the purpose of acting in the public interest on behalf of the

Commonwealth of Massachusetts to exercise the rights granted the Commonwealth of Massachusetts, to secure for it the releases granted, and to fulfill the obligations required of it in this Agreement.

1.18    The term "Holyoke Soldiers' Home" as used herein refers to the Solders' Home in Holyoke, a state-run, long-term health care facility available to eligible veterans of the Commonwealth of Massachusetts, located at 110 Cherry Street, Holyoke, MA 01040.

1.19    The term "Litigation" means the underlying litigation between the Parties as identified in the above-captioned case.

1.20    The term "Notice" as used herein shall mean the distribution of notice in various forms to Settlement Class Members, including Mail Notice and Publication Notice (collectively, the "Notices"), in documents substantially in the form attached hereto as Exhibits 1 and 2, respectively, which have been agreed to by the Parties, subject to Court approval, which the Claims Administrator shall mail to Settlement Class Members and/or publish, explaining the terms of the Settlement and the process for participating in the Settlement by submitting a Claim Form, for opting out of the Settlement, and for objecting to the Settlement.

1.21    The terms "Participating Class Member" as used herein means any Settlement Class Member who submits a valid and timely Claim Form and Release.

1.22    The term "Parties" as used herein means the Class Representatives, the Settlement Class, the Commonwealth of Massachusetts, and Defendants.

1.23    The term "Escrow Account" means an account maintained at a financial institution to be selected mutually by the Office of the Governor and Class Counsel, wherein the Global Settlement Amount shall be deposited and held in escrow in accordance with the terms below.

1.24    The term "Escrow Agent" means the financial institution to be selected mutually by the Office of the Governor and Class Counsel.

1.25    The term "Escrow Agreement" means the agreement between Class Counsel, the Governor's Office, and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.26    The term "Settlement" as used herein means the compromise and settlement of the Litigation as contemplated by this Agreement.

1.27    The term "Settlement Class" as used herein and for purposes of Settlement only shall mean the following two settlement classes:

**Settlement Class A**: consisting of any veteran, or the estate of a deceased veteran, who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who (i) tested positive for COVID-19 during that same period and (ii) did not die prior to June 23, 2020 (together, "Settlement Class A" and individually, "Settlement Class A Member"), and

**Settlement Class B:** consisting of any Estate of a veteran who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020,  who died between March 1, 2020 and June 23, 2020, and who either (i) had tested positive for COVID-19 in the last COVID-19 test administered to the veteran prior to his or her death, or (ii) had Coronavirus listed as one cause of death on his or her death certificate, or (iii) had previously tested positive for COVID-19 but not in the last COVID19 test administered to the veteran prior to his or her death and had  a cause of death similar to Coronavirus listed as one cause of death on his or her death certificate, and/or (iv) is a named plaintiff in the Second Amended Complaint in the Litigation (together, "Settlement Class B" and individually "Settlement Class B Member").

For avoidance of doubt, if a valid Claim Form that accurately identifies the Settlement Class Member as falling within Settlement Class A or Settlement Class B and a valid Release is

submitted on behalf of any veteran or the Estate of any veteran identified in Exhibit C-1 to the Notice Plan, the Parties agree that the veteran is a member of the Settlement Class as identified in Exhibit C-1 to the Notice Plan.

1.28    The term "Settlement Class Members," as used herein means any veteran or the Estate of any veteran eligible to participate in Settlement Class A or B, including the Class Representatives and all members of the Settlement Class.

1.29    The term "Settlement Effective Date" as used herein means the date after the Court has granted Final Approval and entered judgment, and the date upon which the latest of the following events occurs:  (1) the expiration of the time for filing an appeal if there are any objections filed by any Class Member; (2) the conclusion of any appeal taken if there are any objections filed by any Class Member; (3) the withdrawal of the last objection to the Settlement; or (4) if there are no objections filed by any Class Member, the date the Court has entered judgment.

**2.      Settlement Class**

2.1     The Parties agree that, for purposes of this Agreement only, Class Representatives shall request, and Defendants will not oppose, certification of the Settlement Classes (defined above) pursuant to Federal Rule of Civil Procedure 23(b)(3), to which the Commonwealth of Massachusetts will provide settlement consideration and from which Defendants and the Commonwealth of Massachusetts will obtain a release of claims, subject to the Court's approval.

2.2     The Parties agree that, for purposes of this Agreement only, Class Representatives shall request, and Defendants will not oppose, the Court's appointment of Class Counsel as counsel for the Settlement Class, and the appointment of the Class Representatives as representatives of the Settlement Class.

2.3     The Settlement is conditioned on the Court certifying the Settlement Class.  The Parties and Class Counsel agree that, if approved, certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not granted following appeal of any order by the Court, the certification of the Settlement Class shall be deemed null and void, and each Party shall retain all their respective rights as they existed prior to the execution of the Agreement.

**3.     Settlement Consideration**

3.1     Subject to the other terms and conditions of this Agreement, the Governor's Office agrees to file legislation with the Massachusetts General Court seeking an appropriation of Fifty-Six Million Dollars ($56,000,000) (the "Global Settlement Amount"), to compensate the Settlement Class, compensate the Claims Administrator, and pay a court-approved reasonable award of attorneys fees and costs to Class Counsel subject to the additional provisions, conditions, and potential adjustments described herein.

3.2     If the sum appropriated by the General Court is less than Fifty-Six Million Dollars ($56,000,000), then Class Counsel shall have the option in their sole discretion to void this entire Agreement by providing written notice to counsel for the Governor's Office within fourteen (14) days of being informed of the amount of the appropriation.  Email notice is operable.  In the event this Agreement is voided by Class Counsel, all of the litigants will be returned to the position they were in immediately before the motion to certify a settlement class was filed, as if nothing had happened.

3.3     The Global Settlement Amount will be held in escrow in the Escrow Account, as agreed to by Class Counsel and the Governor's Office, in accordance with the provisions below. The Commonwealth of Massachusetts shall pay the Global Settlement Amount into the Escrow

Account within ninety (90) days of enactment of the necessary appropriation to fund the Global Settlement Amount.

3.4     All payments contemplated by this Agreement shall be paid solely from the Global Settlement Amount and shall be the maximum amount owed by the Commonwealth of Massachusetts in the Settlement except to the extent increased in accordance with Paragraph 9.2.2 and 10.1 below.  Defendants and the Commonwealth of Massachusetts will not be obligated to pay any additional sums, and shall have no other monetary liability for any costs or expenses related to this Settlement, including without limitation the costs of administering the Settlement, preparation of Notice, oversight and reporting of the Notice program, establishing any escrow expenses, tax filing, and distributions.  All such costs shall be paid from the Global Settlement Amount.

3.5      Each Participating Class Member who receives any value paid in accordance with this Agreement is responsible for any taxes associated with the monies received by that recipient.

**4.     Notice to the Class**

4.1     Given the expected size and known identities of the Settlement Class, the Parties agree that direct notice by certified U.S. mail, return receipt requested ("Mail Notice") is the best practicable notice for Settlement Class Members.  Recognizing the possibility that there might be unidentified Settlement Class Members, the Claims Administrator shall also maintain a settlement website, starting as soon as possible and continuing through at least the final day on which Claims Forms may be submitted, and direct that notice by print publication ("Publication Notice") as agreed to by the Parties and authorized by the Court will be used to supplement notice by mail.

4.1.1     Mail Notice shall advise Settlement Class Members of the deadline for submitting Claim Forms, their right to opt out of the Settlement or to object to the Settlement, the process by which such opt outs or objections must be made, and the date set by the District Court

for a hearing on final approval of the Settlement.  Subject to Court approval, the Mail Notice shall be substantially in the form attached hereto as <u>Exhibit 1</u>.

        4.1.2     Publication Notice shall advise Settlement Class Members of the deadline for submitting Claim Forms, their right to opt out of the Settlement or to object to the Settlement, the process by which such opt outs or objections must be made, and the date set by the District Court for a hearing on final approval of the Settlement.  Subject to Court approval, the Publication Notice shall be substantially in the form attached hereto as <u>Exhibit 2</u>.

    4.2    The Commonwealth of Massachusetts will provide the Contact Information to the Claims Administrator in sufficient time for Mail Notice to be sent.  The Claims Administrator agrees that all Contact Information shall be treated as highly confidential proprietary information, that it shall not share the Contact Information with third parties except any contractor hired to assist with Mail Notice, and that the Claims Administrator and any contractor hired to assist with Mail Notice (if any) shall be required to strictly preserve the confidentiality of the Contact Information.

    4.3    The Claims Administrator shall send Mail Notice to Settlement Class Members by Certified U.S. Mail, Return Receipt Requested, within ten (10) days following the Court's preliminary approval of the Settlement.  The Publication Notice shall be published in the Legal Notices section of the *Springfield Republican* on the soonest two (2) consecutive Sundays practicable after preliminary approval by the Court, but in no event will the first notice be published more than ten (10) days after Mail Notice is sent.

    4.4    Upon receiving notification of a failed Mail Notice delivery attempt, the Claims Administrator will attempt no fewer than three times to contact any Settlement Class Member or the next of kin to a Settlement Class Member by telephone in order to correct the physical mailing address and resend Mail Notice as soon as possible.  The Claims Administrator will make its first

attempt at telephone contact promptly, meaning the next business day after learning of a failed Mail Notice, and follow up as appropriate after that.  Class Counsel will also have the right to contact Settlement Class Members.

4.5     The Notices, Claim Form, this Agreement, and any other materials as agreed to by the Parties shall be available from the Claims Administrator and shall be posted and available from the website hosted by the Claims Administrator.

**5.     Submission of Claim Form**

5.1     In order to be eligible to receive any share of the Global Settlement Amount, a Settlement Class Member must submit a valid Claim Form and Release to the Claims Administrator no later than the later of (i) sixty (60) days from the date Mail Notice is completed, (ii) the date established by the Court for submitting Claim Forms, or (iii) the date established by the Claims Administrator upon a request by a Settlement Class Member for the allowance of additional time, but not later than September 15, 2022.  The Claim Form shall be accompanied by a broad general release and covenant not to sue ("Release") in substantially the form attached hereto as Exhibit 4.

5.2     Only those Settlement Class Members who submit a timely and valid Claim Form and fully executed Release prior to the deadline for submitting Claim Forms shall be eligible to receive any Allocated Amount (thereafter becoming a Participating Class Member).

5.3     In order for a Claim Form to be considered timely submitted, the Claims Administrator must receive the completed Claim Form and Release by the later of 11:59 p.m. Eastern Time on (i) the sixtieth (60th) day from the date Mail Notice is completed, (ii) the date established by the Court for submitting Claim Forms, or (iii) the date established by the Claims Administrator upon a request by a Settlement Class Member for the allowance of additional time, but not later than September 15, 2022.  These deadlines shall be set forth clearly in the Notice.

5.4     In order for a Claim Form to be considered valid, the Claim Forms must: (1) establish the Participating Class Member's eligibility to participate in one of the Settlement Classes; (2) be accompanied by a fully-executed Release; and (3) be executed under pains and penalties of perjury by a living veteran who is himself a Settlement Class Member, by someone holding a valid Power of Attorney on behalf of a living veteran who is himself a Settlement Class Member, or by the court-appointed Personal Representative of the Estate of a deceased veteran who is a Settlement Class Member.

5.4.1     Any person seeking to submit a Claim Form on behalf of a living veteran must submit to the Claims Administrator along with the Claim Form, in order for the Claim Form to be considered valid, a valid Power of Attorney on behalf of the living veteran who is himself a Settlement Class Member.

5.4.2     Any person seeking to submit a Claim Form on behalf of the Estate of a deceased veteran must submit to the Claims Administrator along with the Claim Form, in order for the Claim Form to be considered valid, a copy of the court order appointing that individual as the Personal Representative of the Estate (e.g., a "Letter of Authority" or other such document).

5.4.3     Any person who is seeking to be appointed by a court of appropriate jurisdiction as the Personal Representative of the Estate of a deceased veteran may provisionally file a Claim Form but must have submitted a petition to the appropriate Probate Court requesting appointment as the Personal Representative of the Estate by the deadline set by the Court for submitting Claim Forms, unless that deadline is extended for not more than thirty (30) days in the sole discretion of the Claims Administrator.  Any putative personal representative who provisionally files a Claim Form must as soon as practical after being officially appointed by a court of competent jurisdiction as the

Personal Representative of the Estate file with the Claims Administrator a copy of the order appointing the individual as the Personal Representative of the Estate.  In no event will any Allocated Amount be distributed to a deceased Settlement Class Member who does not have a properly probated Estate, which has timely submitted a valid Claim Form signed by a court-appointed Personal Representative.

5.4.4    The Claims Administrator must obtain from each person holding a Power of Attorney or each Personal Representative making a claim on behalf of any Estate, as appropriate, either a copy of the Power of Attorney or a copy of the court order appointing that individual as the Personal Representative of the veteran's Estate (e.g., a "Letter of Authority" or other such document).  The Claims Administrator may rely on such documentation as conclusive evidence that the person in fact has the legal authority to act on behalf of the veteran and submit a valid Claim Form and Release.

5.4.5    If the Claim Form indicates that the Participating Class Member is a plaintiff in a pending case filed against any Defendant or the Commonwealth of Massachusetts arising out of the spread of COVID-19 at the Holyoke Soldiers' Home other than this Litigation, then in order to be valid, the Claim Form must also be accompanied by a Stipulation of Dismissal with Prejudice of that pending lawsuit, which Stipulation of Dismissal will be held in escrow by the Claims Administrator and distributed in accordance with Paragraph 13.5.

5.5    Claim Forms shall be available upon request from the Claims Administrator and may be submitted by mail, email, and/or electronically through the website the Claims Administrator maintains.  The Mail and Publication Notice shall direct Settlement Class Members to the Claims Administrator and the Claims Administrator's website to obtain the Claim Form and other documentation concerning the Litigation and Settlement.

5.6     Failure to timely submit a Claim Form and Release to the Claims Administrator as specified in Paragraph 5.3 shall make a Class Member ineligible to receive any Allocated Amount.

5.7     The Claims Administrator shall send to all Settlement Class Members who have submitted an incomplete or duplicative Claim Form a notice of deficiency with instructions on how to cure the deficiency.  Settlement Class Members will have thirty (30) days from the Claim Administrator's mailing of notice to cure deficiencies, unless the deadline for submitting Claim Forms is sooner, in which case the deficiencies must be cured by the deadline for submitting timely Claim Forms.

5.8     The Claims Administrator shall maintain a spreadsheet that is accessible to Class Counsel and counsel for the Governor's Office remotely, which documents the following information for each Settlement Class Member and for any person who contacts the Claim Administrator who seeks a determination of whether the person qualifies as a Settlement Class Member, including: (1) the veteran's name and contact information; (2) the veteran's representative's name and contact information; (3) the date and manner that Notice was sent (including Mail Notice and follow up telephone calls); (4) the date and manner of the receipt of Notice; (5) an indication of which Settlement Class the Settlement Class Member belongs to or, if there is a dispute as to whether the person is an eligible Settlement Class Member, and indication that such a dispute exits; (6) whether the Settlement Class Member is a living veteran, a person acting on behalf of a living veteran pursuant to a Power of Attorney, or a Personal Representative acting on behalf of a veteran's Estate; (7) whether the Claims Administrator has received a Claim Form; (8) whether the Claims Administrator has received a Questionnaire; (9) whether the Claims Administrator has received notice of a Settlement Class Member's intent to opt out; (10) whether the Settlement Class Member has provided a copy of a Power of Attorney or appointment as Personal Representative; (11) whether the Settlement Class Member has requested a conference

17

with the Claims Administrator; (12) the date of any conference held between the Claims Administrator and the Settlement Class Member; (13) an indication of the Claims Administrator's rejection of any Claim Form or a request to opt out with an explanation of the basis for such rejection; and (14) any other information that the Claims Administrator deems appropriate to share as part of the spreadsheet.

5.9     Within five (5) days after the deadline to submit Claim Forms, the Claims Administrator shall provide a spreadsheet to Class Counsel and to the Governor's Office that contains sufficient information for them to determine the number of Participating Class Members in each of Settlement Class A and Settlement Class B that the Claims Administrator has determined have submitted timely and valid Claim Forms.   The Claims Administrator shall also provide information regarding rejected Claims Forms, as well as the reasons why each Claim Form was rejected.   The Claims Administrator shall retain the originals of all Claim Forms (including any envelopes with the postmarks) received from Settlement Class Members, and shall make copies of the originals available to Class Counsel and the Governor's Office within three (3) business days upon request.   The Claim Forms and all other materials submitted to the Claims Administrator along with the Claim Forms (except the Release) shall remain strictly confidential and shall not be shared by the Claims Administrator with anyone except as ordered by the Court or provided for in this Agreement.

5.10    Class Counsel and the Governor's Office shall each have the right to inspect the information provided in any Claim Form, and to challenge the Claims Administrator's determinations regarding the inclusion of individual Settlement Class Members in Settlement Class A or Settlement Class B, and the timeliness or validity of each Claim Form, in accordance with the following procedures:

5.10.1    Within fourteen (14) days of having received the information contemplated by Paragraph 5.9 of this Agreement, Class Counsel and counsel to the Governor's Office shall meet and confer regarding any issues that either Class Counsel or the Governor's Office believes need to be raised with the Claims Administrator.  Class Counsel and the Governor's Office agree to use their best efforts to resolve any disputes. If Class Counsel and the Governor's Office cannot resolve these issues within twenty-eight (28) days of having received the information contemplated by Paragraph 5.9 of this Agreement, then Class Counsel or the Governor's Office may, within five (5) days of the expiration of the above twenty-eight (28) day period, provide written notice to the other Party of their intent to ask the Court to review the Claims Administrator's determination with respect to the timeliness or validity of a particular Claim Form or Forms and/or the inclusion of a Settlement Class Member within Settlement Class A or Settlement Class B.

5.10.2    Class Counsel or the Governor's Office may within fourteen (14) days of providing the written notice specified in Paragraph 5.10.1 above appeal any determination made by the Claims Administrator to the District Court.  All decisions by the District Court, or by such person as the Court may direct, regarding appeals shall be made expeditiously and are binding, final decisions which shall not be subject to appeal by any Party or Class Counsel.  If a decision by the Claims Administrator is not presented to the District Court or to such person as the Court may direct within this fourteen (14) day period, the decision of the Claims Administrator becomes a binding, final decision not subject to further appeal.

5.10.3    Any appeal shall identify the Claim Forms that are the subject of the challenge, and may be accompanied by supporting papers of no more than two (2) pages, double-spaced, 12-point type font (excluding exhibits).

5.10.4    Within fourteen (14) days of receipt of any appeal challenging a decision of the Claims Administrator and supporting papers, the non-challenging party may submit a written response of no more than two (2) pages, double-spaced, 12-point type font (excluding exhibits).

5.10.5    Notice of challenges and any paperwork submitted in support of, or in response to, any change, and the decisions by the Claims Administrator may be served by email or U.S. Mail.

**6.    Opt-Out Process**

6.1    Class Counsel agree to make good faith, best efforts to convince all Settlement Class Members eligible to participate in this Settlement to participate and to obtain from each a timely and valid Claim Form and Release.

6.2    A Settlement Class Member who wishes to be excluded from this Settlement and from the release of claims pursuant to this Settlement must submit a request to opt out of the Settlement to the Claims Administrator.  For the opt-out request to be accepted, it must be valid and timely.  To be timely, the opt-out request must be received by the Claims Administrator by the later of (i) the date which is sixty (60) days after the last date Mail Notice is disseminated or (ii) the date established by the Court for submitting an opt-out request.   To be valid, the opt-out request (1) must be signed and dated by the veteran, or by someone who presents a duly executed Power of Attorney if the veteran is living, or by someone who presents documentation of having been duly appointed as Personal Representative of the veteran's Estate if the veteran is deceased, and (2) must state to the Claims Administrator in writing that the Settlement Class Member

understands that, by opting out of the settlement, the Settlement Class Member is permanently giving up his or her rights to receive any portion of the Global Settlement Amount as described herein.

6.3     A Settlement Class Member, or Party or Class Counsel, who wishes to challenge the Claims Administrator's determination as to the validity or timeliness of his or her opt-out request may do so by making a written motion to the Court to review the determination within seven (7) days of receiving the Claims Administrator's determination.   Otherwise, the Claims Administrator's determination becomes final and unreviewable.  The Parties, Class Counsel or the Settlement Class Member may respond to any such challenge by filing an opposition to the motion with the Court within fourteen (14) days of the filing of that motion with the Court.

6.4     A Settlement Class Member who submits an opt out request is not eligible to recover any share of the Global Settlement Amount, except that if any Settlement Class Member submits both an opt out request and a Claim Form, the Claims Administrator will reject the opt-out request and accept the Claim Form, and the Settlement Class Member will be treated as if he or she is a member of the Settlement Class, and the Claim Form will be treated as timely and valid, if it meets the requirements detailed above, and processed.

6.5     The Claims Administrator shall maintain a list of Settlement Class Members who have excluded themselves and shall provide such list to the Parties upon request.  The Claims Administrator shall retain the originals of all opt out requests (including the envelopes with the postmarks) received from Settlement Class Members, and shall make copies of the originals available to Class Counsel and counsel for the Governor's Office within three (3) business days upon request.  Opt out requests and any other materials submitted with them shall otherwise be maintained strictly confidentially by the Claims Administrator, shall remain strictly confidential, and shall not be shared by the Claims Administrator with anyone except as ordered by the Court.

6.6    Within seven (7) days of the end of the period established by the Court for submitting opt out requests, the Claims Administrator shall file with the Court a list of Settlement Class Members who have opted out of the proposed Settlement Agreement, including (1) the name of the veteran, (2) the name of the individual, if any, acting on behalf of the veteran, (3) if the individual who communicated the decision to the Claims Administrator was acting on behalf of the veteran, what documentation, if any, the individual provided to establish authority to act on the veteran's behalf, (4) the respective Settlement Class, and (5) the basis for the decision to opt out. Class Counsel agrees to make the court filing if requested to do so by the Claims Administrator.

6.7    The Governor's Office on behalf of the Commonwealth of Massachusetts shall have the option within fourteen (14) days of the end of the period established by the Court for submitting out-out requests, in its sole discretion, to void this Agreement if any of the following occurs:

6.7.1    Three or more Settlement Class Members who are eligible to participate in Settlement Class B and who are represented by Class Counsel (listed in Attachment A) elect to opt out of the Settlement Class that the Court certifies for purposes of providing notice; or

6.7.2    Three or more Settlement Class Members who are eligible to participate in the Settlement Class B and who are not represented by Class Counsel elect to opt out of the Settlement Class that the Court certifies for purposes of providing notice; or

6.7.3    Three or more Settlement Class Members who are eligible to participate in the Settlement Class A elect to opt out of the Settlement Class that the Court certifies for purposes of providing notice.

6.8     If the Commonwealth elects to terminate this Agreement, then the Governor's Office on behalf of the Commonwealth of Massachusetts shall notify Class Counsel and counsel for all Defendants in writing that it has elected to terminate this Agreement.  If this Agreement is terminated, it will be deemed null, void, and unenforceable.  If at any time after the Escrow Account is funded, this Agreement is voided or terminated for any reason referenced in this Agreement, or the Settlement Effective Date is not reached for any reason, then the money being held in the Escrow Account will be returned to the Commonwealth of Massachusetts immediately upon its request after all fees and expenses of the Claims Administrator for work already completed by the Claims Administrator have first been paid.  Class Counsel expressly represents, warrants, and agrees, under these circumstances, to cooperate with counsel for the Governor's Office and the Governor's Office to secure the immediate return of the funds to the Commonwealth of Massachusetts.

6.9     In the event that the Commonwealth of Massachusetts makes such an election to terminate the Agreement, the Claims Administrator shall immediately return to any Participating Class Member who has provided a release and/or stipulation of dismissal with prejudice that the Claims Administrator is holding in escrow that Participating Class Member's release and/or stipulation of dismissal, and all of the litigants will be returned to the position they were in immediately before the motion to certify a settlement class was filed, as if nothing had happened.

## 7.     Objection Process

7.1     A Settlement Class Member who wishes to object to the Settlement must notify the District Court of that objection, in writing, by the later of (i) the date which is sixty (60) days after the last date Mail Notice is disseminated or (ii) the date established by the Court for submitting objections.

7.2     To be considered valid, an objection must be in writing, must include the objector's name and address, and must include the basis for the objection, along with any and all documents that support the objection.  The objection must also indicate whether or not the objector intends to appear at the hearing on the motion for final approval of the Settlement.  The objection must be filed with the Court on or before the deadline established by the Court for filing objections. Additional instructions regarding how to object to the Settlement will be contained in the Mail and Publication Notices.

7.3     Settlement Class Members who do not file a timely written objection in accordance with the procedures set forth in this Agreement shall be deemed to have waived any objections to the Settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement, or any aspect of the Settlement, including, without limitation, the fairness, reasonableness, or adequacy of the Settlement, or any award of Attorneys' Fees and Costs, reimbursement of costs and expenses.

7.4     Any Settlement Class Member who objects but who also still wishes to receive an Allocated Amount or any portion of the Global Settlement Amount must submit a Claim Form and Release in accordance with the requirements of Paragraph 5 above.  A failure to submit a valid and timely Claim Form and Release in accordance with the requirements of Paragraph 5 above shall bar the Settlement Class Member from any recovery as a part of the Settlement.

**8.      Records, Questionnaires, Other Supporting Documentation, and Interviews**

8.1     As soon as practical but in all events no later than five (5) days following the end of the period for submitting Claims Forms, the Commonwealth of Massachusetts shall submit to the Claims Administrator and Class Counsel for each Participating Class Member, to the extent applicable, death certificates and summaries of COVID-19 testing results, to the extent that these materials are in its possession ("Records").  By signing and submitting a Claim Form, a

Participating Class Member consents to the release of the Participating Class Member's personal information and any HIPPA protected information described above, to the Claims Administrator and Class Counsel, solely for use in connection with this Litigation.  The Claims Administrator and Class Counsel shall maintain these Records in strict confidence and shall not share them with anyone except as ordered by the Court.  Upon being provided with a validly executed copy of the HIPPA Release attached hereto as Exhibit 5, the Commonwealth will produce medical records to the Claims Administrator and Class Counsel relating to any veteran whose eligibility to participate in the Settlement or in a particular Settlement Class is in dispute.  Again, the Claims Administrator and Class Counsel shall maintain these medical records in strict confidence and shall not share them with anyone except as ordered by the Court.

8.2     Participating Class Members or, in the event a Participating Class Member is incapacitated or deceased, the individual duly appointed by a valid Power of Attorney or the Personal Representative of the Participating Class Member's Estate, shall have the option to submit a settlement Questionnaire in the form set out in Exhibit 6 ("Questionnaire").  Such Questionnaire shall be submitted to the Claims Administrator within thirty (30) days of the Participating Class Member's completing a Claim Form electing to participate in the Settlement, unless such time is extended by the Claims Administrator but in no event beyond September 15, 2022.  All Questionnaires and all other submissions by Participating Class Members to the Claims Administrator shall be signed by the Participating Class Member or his or her representative under penalty of perjury.  Attorney signatures shall not be an acceptable substitute for signatures by Participating Class Members under penalty of perjury.  The Claims Administrator shall maintain these Questionnaires and any materials submitted with them in strict confidence and shall not share them with anyone except as ordered by the Court.

8.3     Participating Class Members, in their discretion and at their sole expense, shall have the option to submit under penalty of perjury other supporting documents or material to the Claims Administrator within thirty (30) days of the Participating Class Members's completing a Claim Form electing to participate in the Settlement, unless such time is extended by the Claims Administrator but in no event beyond September 15, 202.  The Claims Administrator shall maintain these other supporting documents in strict confidence and shall not share them with anyone except as ordered by the Court.

8.4     If requested by the Participating Class Member the Claims Administrator will hold a meeting (by telephone, video, or in person, at the Claim Administrator's sole discretion) with each Participating Class Member or his or her personal representative, who (i) submits a Questionnaire and/or other supporting documentation, and (ii) requests such a meeting.

## 9.     Determination of Allocated Amounts

9.1     The Claims Administrator shall award One Million Six Hundred and Eighty Thousand Dollars ($1,680,000) in total to the Participating Class Members in Settlement Class A, except to the extent that amount is (i) reduced in accordance with Paragraph 9.1.1 below to account for potential Settlement Class A Members who have opted out of the Settlement or failed to submit a timely and valid Claim Form and Release or (ii) increased by any portion of the amount referenced in Paragraph 9.1.2 below that the Claims Administrator may award to one or more Participating Class Members in Settlement Class A.

9.1.1     If less than eighty-four (84) Members of Settlement Class A submit valid and timely Claim Forms, then the total amount payable to the Participating Class Members in Settlement Class A shall be reduced by 84 minus the number of Participating Class Members in Settlement Class A times Twenty Thousand Dollars

($20,000) each, and that sum shall revert to the Commonwealth of Massachusetts, except as provided in Paragraph 9.1.2 below.

9.1.2     The first Two Million Dollars ($2,000,000) of any amount that would otherwise revert to the Commonwealth of Massachusetts under Paragraphs 9.1.1 or 9.2.1 shall be used to create an Additional Compensation Fund which the Claims Administrator may in his sole discretion use to make supplemental awards to Participating Class Members in Settlement Class A, provided that no Settlement Class A Member shall receive a larger Allocated Amount than the smallest Allocated Amount awarded to a Settlement Class B Member.  This Additional Compensation Fund is intended to provide additional compensation to individual Participating Class Members in Settlement Class A, whose severity and duration of symptoms, as well any other factors that the Claims Administrator considers relevant, warrant additional compensation.  The Claims Administrator may expend the full amount of money placed in the Additional Compensation Fund but is not obligated to do so.  In any case, the Claims Administrator may not allocate more than Two Million Dollars ($2,000,000) from funds that would otherwise revert to the Commonwealth of Massachusetts for such additional compensation.

9.1.3     Participating Class Members in Settlement Class A shall be awarded a minimum of Ten Thousand Dollars ($10,000) plus any additional amounts as determined by the Claims Administrator under this Section 9 in this Agreement, but in no event more than the minimum amount awarded to a Participating Class Member in Settlement Class B.

9.2     The Claims Administrator shall award Forty-Two Million Eight Hundred and Forty Thousand Dollars ($42,840,000) in total to the Participating Class Members in Settlement Class

B, except to the extent the amount is (i) reduced in accordance with Paragraph 9.2.1 below to account for potential Settlement Class B Members who have opted out of the Settlement or failed to submit a timely and valid Claim Form and Release or (ii) increased because previously unidentified Settlement Class Members have elected to participate in Settlement Class B as referenced in Paragraph 9.2.2 below.

9.2.1   If less than eighty-four (84) Members of Settlement Class B submit valid and timely Claim Forms, then the total amount payable to the Participating Class Members in Settlement Class B shall be reduced by 84 minus the number of Participating Class Members in Settlement Class B times Five Hundred Ten Thousand Dollars ($510,000) each, and that sum shall revert to the Commonwealth of Massachusetts, except as provided in Paragraph 9.1.2 above.

9.2.2   If more than eighty-four (84) Members of Settlement Class B submit valid and timely Claims Forms, then the total amount payable to Participating Class Members in Settlement Class B shall be increased by the number of Participating Class Members in Settlement Class B minus 84 times Five Hundred Ten Thousand Dollars ($510,000) each, and the Commonwealth of Massachusetts shall contribute this sum to the Settlement in addition to the Global Settlement Amount, which sum shall be added to the amount to be paid to Participating Class Members in Settlement Class B.

9.2.3   Participating Class Members in Settlement Class B shall be awarded a minimum of Four Hundred Thousand Dollars ($400,000) plus any additional amounts as determined by the Claims Administrator under this Section 9 in this Agreement.

9.3   In determining the Allocated Amount for each Participating Class Member, the Claims Administrator and/or his designees shall consider the following:

9.3.1    The Claim Form referenced in Paragraph 5.1 above;

9.3.2    The Records referenced in Paragraph 8.1 above;

9.3.3    The Questionnaire referenced in Paragraph 8.2 above;

9.3.4    The other supporting documentation referenced in Paragraph 8.3 above; and

9.3.5    Any information learned in a meeting conducted in accordance with Paragraph 8.4 above.

9.4    In assessing any discretionary awards to either class, the Claims Administrator shall in his sole discretion take into consideration the respective veteran's age at death, the severity and duration of the veteran's suffering, any future earnings and support the veteran would have provided to others, the frequency of contact the veteran had with family members and other loved ones, and other such factors as might be raised by veterans, or estates of such veterans, in the Questionnaires and documentation submitted to the Claims Administrator in connection with their Claim Form.

9.5    Should the Claims Administrator have concerns as to the accuracy of a Participating Class Member's Questionnaire answers, allegations, or any other information submitted, the Claims Administrator shall promptly notify Class Counsel in writing of those concerns.  The Participating Class Member or, if he is deceased or incapacitated, his legally-appointed representative, shall then have the opportunity to submit to the Claims Administrator under penalty of perjury any further information—including documents or records, supporting affidavits, or a telephonic, or in-person presentation to the Claims Administrator—in support of the Participating Class Member's answers, allegations, or other information.  Should the Claims Administrator then find that the Participating Class Member's statements are more than likely false or inaccurate, the Claims Administrator shall take that finding into consideration in making his award and, if

appropriate, shall deny such individual any allocation or a portion of the allocation of the Global Settlement Amount, and the Global Settlement Amount shall be reduced by the relevant amount in the manner specified in Paragraphs 9.1.1 or 9.2.1, which shall be returned to the Commonwealth of Massachusetts, although, to the extent the Additional Compensation Fund contemplated by Paragraph 9.2.1 has not been funded up to Two Million Dollars ($2,000,000), then this money shall be added to the Additional Compensation Fund.

9.6     The Claims Administrator shall determine the Allocated Amount for each Participating Class Member within seventy-five (75) days of the deadline established by the Court for opting out of the Settlement, and shall promptly and simultaneously provide Class Counsel and counsel for the Governor's Office with notice of such Allocated Amounts in a manner that ensures their confidentiality.  Allocated Amounts shall otherwise remain strictly confidential.

9.7     The Claims Administrator's determination of each Allocated Amount shall be final and not subject to any appeal.

**10.     Attorneys' Fees and Costs**

10.1     Class Counsel will apply to the Court for an award of reasonable Attorneys' Fees and Costs of twenty-five percent (25%) of that portion of the Global Settlement Amount distributed to Participating Class Members electing to participate in the Settlement as well as any additional amounts awarded pursuant to Paragraph 9.2.2 above, which awards shall be subject to the Court's approval.  Defendants and the Commonwealth of Massachusetts will not object to any amount sought by Class Counsel or awarded by the Court that does not exceed twenty-five percent (25%) of that portion of the Global Settlement Amount distributed to Participating Class Members plus any additional amounts awarded pursuant to Paragraph 9.2.2 above.

10.2     In the event that the Court does not approve the award of Attorneys' Fees and Costs requested by Class Counsel, or if the Court awards Attorneys' Fees and Costs in an amount less

than that requested by Class Counsel, the Court's decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement or for rendering the entire Settlement null, void, or unenforceable.  Class Counsel retain their right to appeal any decision by the Court regarding the Court's award of Attorneys' Fees and Costs.

10.3   The award of fees will render any claims for fees by Class Counsel or Participating Class Members, including, but not limited to under retainer agreements and/or any other fees and costs due under 42 U.S.C. § 1988, null and void.

10.4   Any difference between the award of attorney fees as set forth in Paragraph 10.1 above and the amount awarded to Class Counsel by the Court shall revert to the Commonwealth of Massachusetts.

## 11.   Process for Distribution of Allocated Amounts, Attorneys Fees, the Fees, Costs, and Expenses of the Claims Administrator, and any Amounts Remaining in the Escrow Account

11.1   Within seven (7) days of the Settlement Effective Date, Class Counsel and Counsel for the Governor's Office shall by joint instruction to the Escrow Agent direct the Escrow Agent to issue individual payments to each Participating Class Member in the Allocated Amount determined for that Participating Class Member by the Claims Administrator, including any interest earned on that portion of the Escrow Account being distributed to that Participating Class Member.

11.2   The Parties agree that the Allocated Amount is being paid to compensate a Participating Class Member for reported personal physical injuries and personal physical sickness resulting from alleged misconduct and emotional distress attributable to such personal physical injuries and personal physical sickness.

11.3   Simultaneously with the distribution of the Allocated Amounts, Class Counsel and Counsel for the Governor's Office shall by joint instruction to the Escrow Agent direct the Escrow

Agent to issue a payment of reasonable Attorneys' Fees and Costs in the amount awarded by the Court to Class Counsel and to any other counsel awarded fees or costs by the Court.

11.4    The fees, costs, and expenses of the Claims Administrator, and his/her designees, if any, shall be paid from the Escrow Account on a monthly basis.  The Claims Administrator shall submit invoices simultaneously to Class Counsel and counsel for the Governor's Office with sufficient detail to show the time spent and tasks on which the Claims Administrator worked.  Any amount not disputed by either Class Counsel or the Governor's Office shall be paid by joint instruction to the Escrow Agent within thirty (30) days of receipt of the invoice.  The Parties agree to work in good faith with each other and the Claims Administrator to resolve any fee disputes and further agree that disputes not resolved after fourteen (14) days may be submitted to the District Court for resolution.

11.5    Any interest earned on the Global Settlement Amount before Allocated Amounts are distributed to the Participating Class Members shall be distributed as follows: (i) interest earned on that portion of the Global Settlement Amount awarded by the Settlement Administrator to Participating Class Members shall be paid to Participating Class Members as part of their Allocated Amounts in proportion to their individual Allocated Amounts; (ii) interest earned on that portion of the Global Settlement Amount to be paid to Class Counsel shall be paid to Class Counsel; and (iii) interest earned on those portions of the Global Settlement Amount that shall revert to the Commonwealth of Massachusetts shall be paid to the Commonwealth of Massachusetts.

11.6    For avoidance of doubt, the Parties expect that no monies will be left in Escrow Account after payments are made under Paragraphs 11.1-11.5, except for any unallocated monies that remain in the Additional Compensation Fund, but any amount remaining in the Escrow Account after distributions are made under this Section 11 shall be paid to the Commonwealth of

Massachusetts.  Amounts reverting and being paid to the Commonwealth of Massachusetts shall be paid in accordance with instructions provided at the time of the payment by counsel for the Governor's Office.

**12.    Escrow Account**

12.1    At the time required by this Agreement, the Commonwealth of Massachusetts shall transfer to an Escrow Agent selected jointly by Class Counsel and the Governor's Office the Global Settlement Amount to be held in the Escrow Account.

12.2    All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Agreement and/or further order of the Court. All risks related to the investment of the Global Settlement Amount shall be borne solely by the Global Settlement Amount, and the Commonwealth of Massachusetts and Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or other actions of the Escrow Agent, including any transactions executed by the Escrow Agent.

12.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Agreement.

12.4    The Court shall retain jurisdiction over the administration of the Escrow Account until all Allocated Amounts, Attorneys' Fees and Costs, fees, costs, and expenses of the Claims Administrator, and interest earned on the Global Settlement Amount are paid, resulting in a Zero Dollar ($0) balance, the Escrow Account is closed, and the Settlement is complete.

12.5    Following its deposits as described in this Agreement, the Commonwealth of Massachusetts shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Settlement Class required hereunder, the processing of Claims and opt-out requests, the allowance or disallowance of claims by the Claims Administrator,

payments to Class Counsel, investment of Escrow Account funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the Escrow Account or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Escrow Account, since it is agreed that such deposits shall fully discharge the Commonwealth of Massachusetts of its obligations to Participating Class Members and Class Counsel and for expenses of administration of the Settlement.  Rather, the Escrow Agent shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Participating Class Members and Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of the Commonwealth of Massachusetts or Class Counsel to review determinations of the Escrow Agent or to seek redress for any breach of the terms hereof.

12.6     Participating Class Members shall be responsible for payment of appropriate federal, state, and local income taxes on any claim paid out pursuant to this Agreement.  If, in any such ruling or otherwise, it is determined that the Commonwealth of Massachusetts has any responsibility whatsoever for payment of any federal, state or local tax on any claim paid out pursuant to this Agreement, then the Commonwealth of Massachusetts shall have the right to terminate this Agreement.

## 13.     Comprehensive Release, Waiver, and Dismissal

13.1     By this Agreement, upon the Settlement Effective Date, the Parties mutually release any and all claims between each of the Settlement Class Member, on the one hand, and Defendants and the Commonwealth of Massachusetts, including without limitation any state agency as defined in Section 1 of Chapter 29 of the General Laws and all of its current or former affiliates, officers, officials, directors, employees, agents, indemnities, attorneys and insurers, in his or her individual

34

or official capacity ("Commonwealth Released Parties"), on the other hand, have now or may in the future have arising out of the spread of COVID-19 at the Holyoke Soldiers' Home.

13.2    Such releases will include a general release of all past, present, and future claims, known and unknown, including without limitation future claims or actual or alleged injuries.

13.3    Such releases will include a general release of any claims against the Claims Administrator for any actions taken by the Claims Administrator in relation to this action.

13.4    Participating Class Members agree to fully execute and submit to the Claims Administrator the Release at the time he or she submits a Claim Form ("Release").  The releases provided by Participating Class Members will include a release for any claim for attorneys fees the Participating Class Member might have against the Commonwealth Released Parties.

13.5    In addition, each Participating Class Member who has filed litigation against Defendants or the Commonwealth of Massachusetts, any state agency (as defined in Section 1 of Chapter 29 of the General Laws), or any of its current or former affiliates, officers, officials, directors, employees, agents, indemnities, attorneys or insurers directly or indirectly relating in any way to the claims asserted or that could have been asserted in the Litigation shall agree to dismiss, with prejudice and without costs, all such litigation upon receipt of his Allocated Amount.

13.6    Such executed Releases and stipulations of dismissal with prejudice, if applicable, will be held by the Claims Administrator in escrow and will be released out of escrow to each respective Party upon the payment of the respective Allocated Amount.

13.7    The Parties acknowledge that this Settlement, including the Releases provided in this section, reflects a compromise of disputed claims.

13.8    The Parties shall submit at the time of the Final Approval Hearing a Final Judgment that shall dismiss this Litigation with prejudice as to Defendants and the Commonwealth of Massachusetts and shall incorporate the terms of this release contemplated herein.

14. **No Admission of Liability**

14.1    Neither any Defendant, nor the Commonwealth of Massachusetts, including any of its state agencies as defined in Section 1 of Chapter 29 of the General Laws, and any of its current or former affiliates, officers, officials, directors, employees, agents, indemnitees, attorneys and insurers admits any liability in connection with this Settlement.  This Agreement or any act contemplated herein cannot be construed as an admission of any liability or used in any proceeding against Defendants or the Commonwealth of Massachusetts, any of its state agencies as defined in Section 1 of Chapter 29 of the General Laws, or any of its current or former affiliates, officers, officials, directors, employees, agents, indemnitees, attorneys, and insurers.

14.2    Likewise, nothing in this Agreement shall be construed or deemed an admission by Class Representatives or the Settlement Class with regard to the validity of any of Defendants' defenses.

14.3    Each of the Parties has entered into this Agreement and Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

14.4    This Agreement, and all related documents, the certification for settlement purposes entered pursuant to this Agreement, and any Claim Forms, opt-out requests, or objections submitted by Settlement Class Members, and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement, including Records, Questionnaires, and other supporting documentation, are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Litigation or any other judicial, arbitral, administrative, investigative, or other court tribunal, forum, or proceeding, or any other litigation against Defendant or the Commonwealth of Massachusetts, for

any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

14.5    The Claim Forms, opt-out requests, or objections, or other evidence produced or created by any Settlement Class Member in connection with the claims resolution procedures pursuant to this Settlement, and any actions taken by Defendants or the Commonwealth of Massachusetts in response to such Claim Forms, opt-out requests, objections, or other evidence, do not constitute, and will not be deemed to constitute an admission of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

## 15.    Covenant Not to Sue

15.1    Each Participating Class Member agrees as a condition to participating in this Settlement to covenant not to institute any action, nor aid in the institution or prosecution of any action, arising out of or in any way related to the claims against Defendants or the Commonwealth of Massachusetts, any of its state agencies as defined in Section 1 of Chapter 29 of the General Laws, or any of its current or former affiliates, officers, officials, directors, employees, agents, indemnitees, attorneys, and insurers, in any capacity, or the Claims Administrator.

## 16.    Duties of The Parties With Respect to Preliminary Court Approval

16.1    On or before May 20, 2022, Class Counsel shall apply to the District Court for the entry of an order granting Preliminary Approval of the Settlement substantially in the following form:

16.1.1    Conditionally certifying the Settlement Class;

16.1.2    Preliminarily approving the Settlement;

16.1.3    Approving as to form and content the proposed notices and notice plan, including Mail and Publication Notices, the Claim Form, and the Release;

37

16.1.4    Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

16.1.5    Approving Joseph Sanky and the Estate of Joseph Sniadach as Settlement Class Representatives;

16.1.6    Approving as Class Counsel for the Settlement Class, Thomas Lesser and Michael Aleo of LESSER, NEWMAN, ALEO, & NASSER LLP; and

16.1.7    Approving Donald K. Stern as Claims Administrator.

16.2    Defendants and the Commonwealth of Massachusetts shall cooperate with Class Counsel as reasonably necessary to obtain Preliminary Approval.

## 17. Duties of The Parties Following Preliminary Court Approval

17.1    Following preliminary approval by the District Court of the Settlement, and prior to the final fairness hearing, Class Counsel will submit a proposed Final Judgment that will be agreed to by the Parties.  The proposed Final Judgment shall:

17.1.1    Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

17.1.2    Approve Class Counsel's application for an award of Attorneys' Fees and Costs;

17.1.3    Certify the Settlement Class for Settlement purposes only in accordance with applicable legal standards and this Agreement;

17.1.4    Contain a release and covenant not to sue as described above; and

17.1.5    Dismiss this Litigation between the Class Representatives and the Settlement Class Members, on the one hand, and Defendants, on the other hand, on

the merits and with prejudice and permanently bar the Class Representatives, and all Settlement Class Members (other than those who timely filed valid opt-out requests) from further prosecuting any of the claims released in the Releases against the Commonwealth Released Parties.

17.2    Defendants and the Commonwealth of Massachusetts shall cooperate with Class Counsel as necessary to obtain final approval and the dismissal with prejudice of the Litigation as to all Defendants.

17.3    The Final Judgment shall not be considered final until the occurrence of the Settlement Effective Date.

## 18.    Mutual Full Cooperation

18.1    The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, and the Commonwealth of Massachusetts and its counsel, take all necessary steps to secure the Court's Final Judgment.

18.2    The Parties further agree to cooperate with respect to all ongoing litigation related to the Claims to the extent necessary in order to effectuate this Agreement, including by seeking such reasonable extensions as are necessary to effectuate the Settlement.

## 19.    Voiding The Agreement

19.1    In the event that this Settlement is not finally approved by the Court, or if for any reason the Settlement Effective Date does not occur, this Agreement shall be deemed null, void,

and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against Defendants or the Commonwealth of Massachusetts, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

19.2     In the event that this Settlement Agreement is deemed null, void, and unenforceable for any reason, all of the litigants will be returned to the position they were in immediately before the motion to certify a settlement class was filed, as if nothing had happened.

19.3     Notwithstanding any other provision of this Agreement, in the event that this Settlement Agreement is deemed null, void, and unenforceable for any reason, the releases of the Claims Administrator, and covenants not to sue the Claims Administrator, provided for in this Agreement and the Claim Form shall survive the termination of the Agreement and remain in full force and effect always.

## 20.     Authority to Execute

20.1     The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## 21.     No Prior Assignments

21.1     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

22. **Miscellaneous Provisions**

22.1    <u>Reasonable Extension of Deadlines</u>.  The Parties agree that all deadlines applicable to the work of the Claims Administrator may be extended, upon request by the Claims Administrator, by agreement of Class Counsel and counsel for the Governor's Office, which agreement shall not be unreasonably withheld, or for good cause shown to the Court.  The Parties further agree that reasonable extensions of all other deadlines contained in this Agreement shall be granted by agreement or by the Court for good cause.

22.2    <u>Construction</u>.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or her or his counsel participated in the drafting of this Settlement.

22.3    <u>Captions and Interpretations</u>.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement.  Each term of this Agreement is contractual and not merely a recital.

22.4    <u>Modification</u>.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, as provided in Paragraph 22.1, the Parties agree that any deadlines contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

22.5    <u>Integration Clause</u>.  This Agreement, the Attachments and Exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Litigation, and all prior or contemporaneous agreements,

understandings, term sheets, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are superseded by and merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

22.6    <u>Binding on Assigns</u>.    This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

22.7    <u>Binding on Settlement Class Members</u>.  It is agreed that because the Settlement Class is large, it is impossible or impractical to have each Settlement Class Member execute this Agreement.  The Mail, Email, and Publication Notices will provide all Settlement Class Members with a summary of the Settlement and will advise all Settlement Class Members of the binding nature of the release.  Excepting only those Settlement Class Members who timely submit a valid opt-out request, Mail and Publication Notice shall have the same force and effect as if this Agreement was executed by each Settlement Class Member.

22.8    <u>Counterparts</u>.  This Agreement may be executed by .pdf signature and in any number of counterparts, and when each Party has signed and delivered to each other at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

22.9    <u>Applicable Law</u>.  This Agreement shall be governed by Massachusetts law without regard to its choice of law or conflicts of law principles or provisions.

22.10    <u>Judicial or Quasi-Judicial Immunity of Claims Administrator</u>.  To the fullest extent permitted under the law, the Claims Administrator shall be entitled to immunity for any actions taken pursuant to this Agreement.

23.    **Disputes**

23.1    <u>Mediation</u>  The Parties agree that they will first attempt to resolve any disagreements or disputes over the implementation of the terms of the Settlement, this Agreement, or any other documents necessary to effectuate the Settlement through mediation with a mediator who is mutually agreeable to the Parties.  In the event that one or more of the Parties institutes a legal action, arbitration, or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, they will bear their own costs, expenses, and attorney's fees.

24.    **Confidentiality**

24.1    Any and all negotiations related to this Agreement (including the negotiations related to the drafting of the term sheet and this Agreement, and any negotiations prior to preliminary approval or between the time of preliminary and final approval) will remain strictly confidential for settlement purposes pursuant to Rule 408 and applicable laws or regulations, and shall not be discussed with anyone other than the Class Representatives, Defendants and the Governor's Office, their retained attorneys, their accountants and financial or tax advisers, the retained consultants, and the Court, unless otherwise agreed to by Class Counsel, counsel for Defendants, and the Governor's Office, or unless otherwise ordered by the Court.  This provision does not prohibit the Parties from presenting to the Court as much information about their settlement negotiations as they mutually agree is necessary, or as the Court requires, to procure approval of this Settlement, nor does it prohibit any disclosure required by Massachusetts General Laws.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of May 20, 2022.

**LESSER, NEWMAN, ALEO & NASSER LLP**

By:

*/s/ Michael Aleo*

_____

Thomas Lesser
Michael Aleo
39 Main Street
Northampton, MA 0106
Telephone: (413) 584-7331
Facsimile: (413) 586-7076
lesser@LNN-law.com
aleo@LNN-law.com

**ROPES & GRAY LLP**

By:

 */s/ John P. Bueker*

_____

John P. Bueker
James P. Dowden
800 Boylston Street
Boston, MA 02199
Telephone:  (617) 951-7000
Facsimile:  (617) 951-7050
john.bueker@ropesgray.com
james.dowden@ropesgray.com

*Counsel for the Governor's Office*


**BENNETT WALSH**

By his attorneys,


*/s/ Barry M. Ryan*

_____

Barry M. Ryan (BBO #547336)
Erin J. Meehan
Diana Day
Doherty, Wallace, Pillsbury and Murphy, P.C.
One Monarch Place, Suite 1900
Springfield, Massachusetts 01144
Telephone:  (413) 233-9562
bryan@dwpm.com
emeehan@dwpm.com
dday@dwpm.com

**DAVID CLINTON**

By his attorneys,


*/s/ John X. Lawler*
_____
John X. Lawler (BBO #546910)
Prince Lobel Type LLP
One International Place, Suite 3700
Boston, MA 02110
Telephone:  (617) 456-8000
jlawler@princelobel.com

M. Matthew Madden Jr.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Telephone:  (617) 439-0305
mmadden@princelobel.com


**VANESSA LAUZIERE**

By her attorney,


*/s/ Jared Olanoff*
_____
Jared Olanoff (BBO #661645)
73 Chestnut Street
Springfield, MA 01103
Telephone:  (413) 731-7000
jared@olanofflaw.com


**CELESTE SURREIRA**

By her attorney,

*/s/ Kevin Giordano*
_____
Kevin Giordano
Keyes & Donnellan, P.C.
293 Bridge Street, Suite 600
Springfield, MA 01103
Telephone: (413) 781-6540
kgiordano@keyesandconnellan.com

**FRANCISCO URENA**

By his attorneys,


*/s/ Robert L. Peabody*

_____
Robert L. Peabody (BBO #551936)
Summit Health Law Partners
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone:  (617) 733-1376
robert.peabody@huschblackwell.com


*/s/ Richard Goldstein*

_____
Richard Goldstein (BBO #565482)
Husch Blackwell, LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone:  (617) 938-3500
richard.goldstein@huschblackwell.com



**MARYLOU SUDDERS**

By her attorneys,


*/s/ Lon F. Povich*

_____
Lon F. Povich (BBO #544523)
Christina S. Marshall (BBO #688348)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
Telephone:  (617) 621-6500
lpovich@andersonkreiger.com
cmarshall@andersonkreiger.com

EXHIBIT 1

## NOTICE OF HOLYOKE SOLDIERS' HOME
## CLASS ACTION SETTLEMENT

This is a notice relating to your rights concerning the settlement of a class action lawsuit, <u>Sniadach et al. v. Walsh et al.</u>, 20-CV-30115-MGM.

The lawsuit was brought on behalf of veterans, and the estates of veterans, who were living at the Holyoke Soldiers' Home between March 10, 2020, and June 23, 2020, and contracted COVID-19 during that time period.

The settlement totals $56 million ($56,000,000).

You appear to be entitled to compensation as a result of the settlement in the class action.

A federal court authorized this notice be sent to you in order to ensure that you have the opportunity to receive compensation as part of this Settlement.  This is not a notice of a lawsuit against you or a solicitation from a lawyer.

## <u>What are your legal rights and options</u>?

<u>TO RECEIVE COMPENSATION</u>: If you wish to receive compensation as part of this Settlement, you <u>must</u> fill out the enclosed Claim Form and Release and return them to the Claims Administrator, who will disburse the settlement funds, as soon as possible. IF YOU DO NOT SUBMIT THE CLAIM FORM AND RELEASE, YOU WILL NOT RECEIVE ANY COMPENSATION AS PART OF THIS SETTLEMENT.

<u>IF YOU DO NOT WISH TO RECEIVE COMPENSATION</u>:  If you do not wish to receive compensation as part of this Settlement, then you need not take any other action.

<u>OBJECT</u>:  If you wish to object to the terms of the proposed Settlement, you must submit the basis of your objection in writing to the Court no later than August 16, 2022.  If you wish to receive compensation as part of the Settlement, you must also submit a Claim Form and Release to the Claims Administrator by August 16, 2022.

<u>OPT OUT</u>:  If you do not want to participate in this Settlement but you want to preserve your right to bring your own lawsuit relating to the same facts and circumstances underlying this case, then the veteran, or, if the veteran is deceased, the Personal Representative of the deceased veteran's Estate, must notify the Claims Administrator no later than August 16, 2022.

### What is this lawsuit about?

Paul Sniadach and others filed this lawsuit against Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, and Maryolu Sudders ("Defendants"), due to the outbreak of COVID-19 that occurred at the Soldiers' Home in March 2020.

The lawsuit alleges that the Defendants' actions resulted in more than 160 veterans who were living at the Holyoke Soldiers' Home unnecessarily contracting COVID-19 and suffering as a result, which the complaint alleges was a violation of the veterans' constitutional rights.  The Defendants deny any liability.

### Why is this a class action?

This lawsuit was brought as a class action because the claims of the "class representatives" are similar to the claims of other similarly situated individuals or estates.  All of these people together constitute a "Class" and members of the Class are referred to as "Settlement Class Members."  If approved by the Court, the proposed Settlement would resolve the claims of all Settlement Class Members.

### Why is there a settlement?

Parties settle lawsuits to avoid the time, risk, expense, and anguish associated with litigation.

In this case, as a matter of law, the risks of proceeding with litigation are high for the plaintiffs because (1) the Defendants have a number of defenses available to them that could prevent the plaintiffs from ever proceeding to trial, (2) even if the plaintiffs managed to proceed to and prevail at trial, the individual Defendants would not be able to pay any

verdict secured at trial, and (3) Massachusetts indemnification laws could prevent the plaintiffs from recovering any monies from the Commonwealth that might be awarded to them at trial.

The proposed settlement avoids these risks of litigation and ensures that Participating Class Members will obtain a payment in settlement of the claims raised in the lawsuit.

## Do I qualify as a Class Member?

Based on the records maintained by the Commonwealth of Massachusetts, it appears that you, a veteran under your care, or a veteran's estate for whom you are identified as the next of kin qualify as a member of the Settlement Class.  This Settlement resolves claims on behalf of two Settlement Classes:

**Settlement Class A:** Any veteran, or estate of a deceased veteran, who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who (i) tested positive for COVID during that same period and (ii) did not die prior to June 23, 2020.

**Settlement Class B:** Any estate of a veteran who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who died between March 1, 2020 and June 23, 2020, and who either (i) had tested positive for COVID-19 in the last COVID-19 test administered to the veteran prior to his or her death, or (ii) had Coronavirus listed as one cause of death on his or her death certificate, or (iii) had previously tested positive for COVID-19 but not in the last COVID-19 test administered to the veteran prior to his or her death and had a cause of death similar to Coronavirus listed as one cause of death on his or her death certificate, and/or (iv) is a named plaintiff in the Second Amended Complaint, in the above entitled lawsuit.

## What payments will I receive?

Payments will be made out of the $56 million Global Settlement Amount.  The amounts that will be paid to members of each Settlement Class are described below.  The payment of attorney fees will not reduce these payment amounts.

**Settlement Class A**: Members of Settlement Class A will receive an average payment of $20,000.  Members of Settlement Class A will receive a minimum of $10,000.  The Claims Administrator will have the discretion to award additional amounts based on the information you provide as part of the claims Questionnaire, but not more than the minimum amount available to members of Settlement Class B.

**Settlement Class B**: Members of Settlement Class B will receive an average payment of $510,000.  Members of Settlement Class B will receive a minimum of $400,000.  The Claims Administrator will have the discretion to award additional amounts based on the information you provide as part of the claims Questionnaire.

### How do I notify the Claims Administrator that I want to participate in the Class Settlement?

To confirm you want to participate in the Settlement, you must fill out and submit the enclosed Claim Form and Release to the Claims Administrator as soon as possible, but in any event so that it is received by the Claims Administrator no later than August 16, 2022.  Enclosed for your convenience is a pre-addressed, post-prepaid envelope that you may use to return the Claim Form and Release to the Claims Administrator.

IF YOU DO NOT SUBMIT THE CLAIM FORM AND RELEASE BY THE DEADLINE, YOU WILL NOT RECEIVE ANY COMPENSATION.

### How do I request that I be paid more than the minimum amount described above?

In order to be paid more than the minimum amount described above, you must also fill out and return to the Claims Administrator the attached *Questionnaire*, in addition to your Claim Form and Release.  If you choose, you will also have the opportunity to speak with the Claims Administrator.  The Claims Administrator has the sole discretion to award additional funds above and beyond the minimum amounts described above.  When deciding how to allocate the discretionary amounts, the Claims Administrator will consider: the veteran's age at death, the severity and duration of the veteran's suffering, any future earnings and support the veteran would have provided to others, the frequency of contact the veteran had with family members and

other loved ones, and other information that you share about the veteran.

## What if the veteran is alive but unable to make these decisions without assistance?

If the veteran is alive but unable to act on his or her own, then a duly appointed representative may act on behalf of the veteran, pursuant to a fully executed Power of Attorney or other similar grant of authority, a copy of which must be provided to the Claims Administrator with the Claim Form.  If the veteran does not have documentation evidencing a Power of Attorney available now, then the documentation may be provided to the Claims Administrator at a later date, but it must be received by the Claims Administrator on or before August 16, 2022, unless the Claims Administrator agrees that it may be submitted up until September 15, 2022.

## What if the veteran is deceased?

If the veteran is deceased, a legal action must be filed in the appropriate Probate and Family Court to appoint someone as the Personal Representative (sometimes referred to as an "Executor") to the Veteran's Estate.  In order for the estate of a deceased veteran to receive any compensation, a Personal Representative must be appointed.

This process can take some time, and you may want to hire an attorney to help you to expedite the process.

You may still submit the Claim Form and Release in the name of a deceased veteran even if you have not yet had someone appointed as Personal Representative.  A copy of the Letter of Authority appointing you as the Personal Representative of the veteran's Estate must be received by the Claims Administrator on or before August 16, 2022, unless the Claims Administrator agrees that it may be submitted up until September 15, 2022.

Any settlement award would be paid to the Estate of the veteran, and the Personal Representative of the veteran's Estate would be responsible for distributing the funds in accordance with the law.  Personal Representatives should consult with an independent attorney to better understand this process.

### What rights are you giving up in this Settlement?

By participating in this Settlement, you will give up your right to sue or continue a lawsuit against the Defendants or any other individuals relating to the claims described above (i.e., the spread of COVID-19 within the Holyoke Soldiers' Home from March 1, 2020, through June 23, 2020).  Giving up your legal claims is called a release.  A copy of the Release that you must sign to be eligible to receive any portion of the settlement amount is included with this Notice.

### What if I do not want to be paid any money relating to this lawsuit?

If you do not wish to receive any money relating to this Settlement, then you may simply ignore this notice.

### What will the attorneys be paid?

The attorneys representing the class, referred to as Class Counsel, will be paid approximately 19.875% of the total Global Settlement Amount.  However, the fees paid to the attorneys will not reduce the amount of money available to be paid to the Class Members as described above.

### What if I want to object to the terms of the settlement?

If you wish to object to any of the terms included in the Settlement, then you must file a written explanation of the basis for your objection with the United States District Court for the District of Massachusetts, which must be received by the Court no later than August 16, 2022.  With your written objection, you must include your full name, your address, the name of the veteran on behalf of whom you are writing (including the veteran's date of birth), the basis for the authority that you have to act on the veteran's behalf (i.e., a duly executed Power of Attorney or a duly issued Letter of Authority naming you as Personal Representative of the Veteran's Estate), the name and docket number of the case (shown above at the top of this notice), and whether you plan on attending the Final Approval Hearing.

To preserve your right to participate in the Settlement, you must also submit the enclosed Claim Form and Release to the Claims Administrator, which the Claims Administrator must receive by August 16, 2022, unless the Claims Administrator agrees in advance and in writing that it may be submitted up until September 15, 2022.

## How do I opt out of the settlement?

If you do not wish to participate in this Settlement and you want to preserve your right to bring your own lawsuit, then you must:

- Notify the Claims Administrator in writing that you are electing to "opt out" of the Settlement, which must be received by the Claims Administrator no later than August 16, 2022.

- State to the Claims Administrator in writing that you understand that, by opting out of the Settlement, you are permanently giving up your right to receive any of the settlement payments described above.

- Sign and date the statement.

- If you are acting on behalf of a veteran:

  o For veterans who are alive but unable to sign the statement, another person may sign the statement pursuant to a properly executed Power of Attorney, a copy of which must be provided to the Claims Administrator.

  o For veterans who are deceased, the statement must be signed by a duly appointed Personal Representative or Executor of the veteran's Estate, and a copy of the document appointing that person as Personal Representative or Executor of the veteran's Estate must be provided to the Claims Administrator.

## When and where will the Court hold the Final Approval Hearing to decide whether to approve the settlement?

The Court will hold a Final Approval Hearing on or after November 12, 2022, at the United States District Court for the

District of Massachusetts, 300 State St, Springfield, MA 01105, or at another time and place designated by the Court.  The Court will consider whether the settlement is fair, reasonable, and adequate, and whether the Settlement should be granted final approval.  The Court will also hear objections to the settlement, if any.

### Do I have to attend the Final Approval Hearing?

You are not required to attend the Final Approval Hearing, but you are welcome to do so at your own expense.  You cannot speak at the hearing if you have opted out of the Settlement.

### What will happen if the Court does not approve the settlement?

If the Court does not approve the Settlement or if it finally approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will receive no payments described above, any release you have executed will be void and have no further effect, and the lawsuit will continue.

### When will I be paid?

It is expected that the Court should decide whether to grant final approval of the Settlement by the middle of November, 2022.  If the Court grants final approval of the Settlement by then and there are no appeals of that final approval, then payments are expected to be made before the end of 2022.

### What amounts will be taken out of my payment?

The only monies that would reduce the payments to you would include any liens on file from governmental agencies or private third-parties, estate taxes owed, or costs incurred by Class Counsel that were specific to your individual case.

### Where do I mail the forms?

You must submit the Claim Form, Questionnaire, Release, or opt out request to the Claims Administrator:

　　　By mail to:

*Donald K. Stern*

. . . . .
. . . . .
. . . . .

or

By going online to the website maintained by the Claims Administrator at HolyokeSoldiersHomeFund.com.

### Who do I contact with questions?

You may contact either the Claims Administrator or Class Counsel with questions you might have by using the contact information below:

Claims Administrator:

*Donald K. Stern*
*[email]*
*###-###-#### (tel)*
*###-###-#### (fax)*

Class Counsel:

*Thomas Lesser, Esq.*
*lesser@LNN-law.com*
*Michael Aleo, Esq.*
*aleo@LNN-law.com*
*413-584-7331 (tel)*
*413-586-7076 (fax)*

You may of course also contact your own attorney at your own expense, who may in turn communicate directly with Class Counsel as appropriate.

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.

Furthermore, the Defendants' attorneys do not represent you, and they cannot give you legal advice.

## **AUGUST 16 DEADLINE**

Remember, you MUST submit the Claim Form, Release, and
Questionnaire to the Claims Administrator by August 16, 2022, or
else you will lose the opportunity to participate in this
Settlement.

EXHIBIT 2

# PUBLICATION NOTICE

## LEGAL NOTICE

### HOLYOKE SOLDIERS' HOME

### CLASS ACTION SETTLEMENT

**If you were a resident of the Holyoke Soldiers' Home from March 1, 2020 to June 23, 2020, and you contracted COVID-19, your rights may have been affected and you could receive a cash payment in connection with a class action settlement. Additionally, if you are the personal representative of a living or now deceased resident of the Holyoke Soldiers' Home from March 1, 2020 to June 23, 2020, who contacted COVID-19, the resident whose rights you represent may have been affected and you could receive a cash payment from a class action settlement on the resident's behalf.**

A settlement has been reached in a class action lawsuit alleging that Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, and Marylou Sudders ("Defendants") violated the rights of certain residents of the Holyoke Soldiers' Home by failing to protect them from harm, provide them with a safe environment, and provide them with minimally adequate medical and nursing care during the COVID-19 pandemic. Defendants deny any liability for the claims alleged. The Court has not decided who is right.

**Who is included?**

A "Settlement Class Member" is: **(A)** a veteran, or the estate of a deceased veteran, who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who (i) tested positive for COVID-19 during that same period and (ii) did not die prior to June 23, 2020 (together, "Settlement Class A" and individually, "Settlement Class A Member"); or **(B)** the estate of a veteran who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who died between March 1, 2020 and June 23, 2020, and who either (i) had tested positive for COVID-19 in the last COVID-19 test administered to the veteran prior to his or her death, or (ii) had Coronavirus listed as one cause of death on his or her death certificate, or (iii) had previously tested positive for COVID-19 but not in the last COVID-19 test administered to the veteran prior to his or her death and had a cause of death similar to Coronavirus listed as one cause of death on his or her death certificate, and/or (iv) is a named plaintiff in the Second Amended Complaint in

Sniadach et al. v. Walsh et al., 20-CV-30115-MGM (together, "Settlement Class B" and individually "Settlement Class B Member"). Class Members may be able to receive a cash award.

**What does the settlement provide?**

If you are a Settlement Class Member or represent the estate of a Settlement Class Member, you may be able to receive a payment out of the $56 million Global Settlement Amount provided for as a part of the Settlement. The amounts that will be paid to members of Settlement Class A and Settlement Class B are described below, and the payment of attorney fees will not reduce these payment amounts. **Settlement Class A**: Members of Settlement Class A will receive an average payment of $20,000. Members of Settlement Class A will receive a minimum of $10,000. The Claims Administrator will have the discretion to award additional amounts based on the information you provide as part of the claims Questionnaire, but not more than $400,000. **Settlement Class B**: Members of Settlement Class B will receive an average payment of $510,000. Members of Settlement Class B will receive a minimum of $400,000. The Claims Administrator will have the discretion to award additional amounts based on the additional information you provide.

**How do I get a payment?**

To receive a payment, you must file a Claim Form and Release so that it is received by the Claims Administrator no later than August 16, 2022. Claim Forms and Releases may be submitted online at www. HolyokeSoldiersHomeFund.com, or printed from the website and mailed to the address on the form.

**Your other options.**

If you do not wish to receive any money relating to this Settlement, then you may simply ignore this notice. If you wish to object to any of the terms included in the Settlement, then you must file a written explanation of the basis for your objection with the United States District Court for the District of Massachusetts, which must be received by the Court no later than August 16, 2022. By participating in this Settlement, you will give up your right to sue or continue a lawsuit against the Defendants or any other individuals relating to the claims described above (i.e., the spread of COVID-19 within the Holyoke Soldiers' Home from March 1, 2020, through June 23, 2020). If you do not wish to participate in this Settlement and you want to preserve your right to bring your own lawsuit, then you must notify the Claims Administrator in writing that you are electing to "opt out" of the Settlement, which election must be received by the Claims Administrator no later than August 16, 2022. For more

information about your options, including the detailed Notice Plan and Class Settlement Agreement go to www. HolyokeSoldiersHomeFund.com. The Court will hold a hearing on or after November 12, 2022, to determine whether the settlement is fair, reasonable, and adequate, and whether the Settlement should be granted final approval. The lawsuit is known as <u>Sniadach et al. v. Walsh et al.</u>, 20-CV-30115-MGM, pending in the U.S. District Court for the District of Massachusetts.

**Want more? THIS IS ONLY A SUMMARY**.

The details regarding the Settlement (including the Class Settlement Agreement), your rights, the Claim Form, Release, and scheduling information can be found at HolyokeSoldiersHomeFund.com or you may call the Claims Administrator at xxx-xxx-xxx or Class Counsel at 413-584-7331.

EXHIBIT 3

## HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
## CLAIM FORM
**SUBMIT BY AUGUST 16, 2022**

      I, the undersigned, am submitting this Claim Form on my own behalf, on behalf of a living Settlement Class Member, or on behalf of the Estate of a Settlement Class Member, to confirm that I want to participate in the Holyoke Soldiers' Home Class Settlement relating to the case captioned as Sniadach et al. v. Walsh et al., 20-CV-30115-MGM.  I understand that by participating in and receiving payment as part of the Settlement, I am simultaneously executing a Release and waiving any rights to litigate claims relating to the facts and circumstances underlying this action. By signing below, I hereby represent, warrant, and certify under the pains and penalties of perjury that (1) I have the authority identified below to submit this Claim Form or am currently seeking the authority that would be necessary to submit this Claim Form; (2) I hereby provide the Holyoke Soldiers Home, the Commonwealth of Massachusetts, and/or any agency thereof, as that term is defined in Section 1 of Chapter 29 of the General Laws, permission to release to the Claims Administrator and Class Counsel COVID testing results for the Settlement Class Member; and (3) the information provided to the Claims Administrator in this Claim Form and any documentation submitted with it, including any Power of Attorney or Letter of Authority, is true, accurate, and authentic.


_____                    _____
Date                                                              Signature of Veteran or Veteran's Representative

### PROVIDE THE FOLLOWING ADDITIONAL INFORMATION

| | |
|---|---|
| Name of Veteran: | |
| Contact Information for the Veteran or Veteran's Representative: | Name:<br><br>Telephone:<br><br>E-mail:<br><br>Fax:<br><br>Mailing Address:<br><br><br>Circle preferred method of contact:<br>                Email    Mail    Telephone |

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

<u>HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT</u>
<u>CLAIM FORM</u>
**<u>SUBMIT BY AUGUST 16, 2022</u>**

| | |
|---|---|
| Is the Veteran a plaintiff in a lawsuit against any of the Defendants or the Commonwealth of Massachusetts other than in the action, <u>Sniadach et al. v. Walsh et al.</u>, 20-CV-30115-MGM? | Circle one:                    Yes / No<br><br>If Yes, Please Provide the Caption of the Case, Court where it is Pending, and the Docket Number |
| If you are acting on behalf of a living Veteran, have you been duly appointed as Conservator, Trustee, or Power of Attorney? | Circle one:                    Yes / No<br><br>If Yes, Please Provide Documentation (e.g., Power of Attorney Authorization Form) |
| If you are acting on behalf of a deceased Veteran, has a court appointed you or someone else as Personal Representative or Executor of the Veteran's Estate? | Circle one:                    Yes / No<br><br>If Yes, Please Provide Documentation (e.g., Copy of Letters of Authority or Order of Appointment) |

For More Information

HolyokeSoldiersHomeFund.com
*Claims Administrator: ###-###-####*
*Class Counsel: 413-584-7331*

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

EXHIBIT 4

## HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
## GENERAL RELEASE

### SETTLEMENT CLASS MEMBER'S GENERAL RELEASE OF CLAIMS
### YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN

I hereby acknowledge that, pursuant to the terms set forth in the Class Settlement Agreement for the case captioned as Sniadach et al. v. Walsh et al., 20-CV-30115-MGM, without further action by anyone, upon the Settlement Effective Date, I, on behalf of myself and my current or former heirs, family members, legal representatives, executors, administrators, predecessors, successors, assigns, and/or transferees in their capacities as such, shall be deemed to have, and by operation of law and of the Agreement shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every debt, demand, action, cause of action, suit, account, covenant, contract, agreement, damage, judgement, execution, order, and each and every claim, cross-claim, third-party claim, demand, and liabilities whatsoever of any name and nature, whether in law, in equity, or otherwise, which I ever had, now have, or which I will have, known and unknown, including without limitation future claims or actual or alleged injuries, against Bennett Walsh, David Clinton, Vanessa Lauziere, Celeste Surreira, Francisco Ureña, Marylou Sudders, the Commonwealth of Massachusetts, including without limitation any state agency as defined in Section 1 of Chapter 29 of the General Laws and all of its current or former affiliates, officers, officials, directors, employees, agents, indemnities, attorneys, and insurers (the "Commonwealth Released Parties") and the Claims Administrator, and shall forever be barred and enjoined from bringing any action asserting any claim arising out of the spread of COVID-19 at the Holyoke Soldiers' Home that occurred at any time prior to the execution of this Release against any and all of the Commonwealth Released Parties, and any claim arising out of this Settlement as against the Claims Administrator and any persons or entities, including Affiliated Monitors, that assist him.

### CERTIFICATION

By signing and submitting this Release, the Claimant or the person(s) who represent(s) the Settlement Class Member agree(s) to the release above and certifies (certify) as follows that:

1.   I have read and understand the contents and terms of the Agreement, Notice, Claim Form, and this Release, including the releases provided for in the Agreement and the terms of the Process for Distribution of Allocated Amounts and Attorneys Fees;

2.   the Settlement Class Member qualifies as a Settlement Class Member under the Agreement, and is not excluded by definition from the Class as set forth in the Notice;

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

## HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
## GENERAL RELEASE

3.  the Settlement Class Member has **not** submitted an opt out request to request exclusion from the Class;

4.  the Settlement Class Member submits to the jurisdiction of the Court with respect to Settlement Class Member's claim and for purposes of enforcing the releases set forth herein; and

5.  I have had an adequate opportunity to consult with counsel of my own choosing about the Settlement Class Member's rights, obligations as a result of participating in the Settlement, and the releases set forth herein, and provide this Release knowingly, freely, willingly, and voluntarily with the intent of relinquishing all claims as state herein.

6.  I understand that if, for any reason, the Settlement is not approved by the Court, that the above-captioned lawsuit will proceed and that I will be entitled to participate in that lawsuit if I so choose.

_____

Signature of Settlement Class Member
       Date

_____

Print Settlement Class Member name here

*If the person signing this Release is not the Settlement Class Member, then documentation of the person's authority to act on behalf of the Settlement Class Member or the Settlement Class Member's Estate must be provided to the Claims Administrator with this Form.*

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

EXHIBIT 5

**Massachusetts Department of Public Health**
**Authorization for Release of Information**

**SECTION V – Who May Receive My Information**

The person or organization listed in Section IV may share the information I listed in Section II  with this person(s) or organization:

| | | |
|---|---|---|
| | Michael Aleo and Thomas Lesser; | Donald K. Stern, Claims Administrator |
| Name | Lesser Newman Aleo & Nasser LLP; | Affiliated Monitors, Inc. |
| Organization | 39 Main Street, Northampton, MA 01060; | P.O. Box 961791, Boston, MA 02196 |
| Address | | |

I understand that the person(s) or organization listed in this section may not be covered by federal or state privacy laws, and that they may be able to further share the information that is given to them.

**SECTION VI – How Long This Permission Lasts**

This permission to share my information is good until _____.

Indicate date or event

If I do not list a date or event, this permission will last for one year from the date it is signed.

- I understand that I can change my mind and cancel this permission at any time.  To do this, I need to write a letter to <u>the Holyoke Soldiers' Home; the Massachusetts Executive Office of Health and Human Services</u>, and send it or bring it to the place where I am now giving this permission (or fill in specific location) If the information has already been given out by, I understand that it is too late for me to change my mind and cancel the permission.

- I understand that I do not have to give permission to share my information with the person(s) or organization I listed in Section V.

- I understand that if I choose not to give this permission or if I cancel my permission, I will still be able to receive any treatment or benefits that I am entitled to, as long as this information is not needed to determine if I am eligible for services or to pay for the services that I receive.

---

**SECTION V – Signature**
**Please sign and date this form, and print your name.**

_____          _____

Your Signature                                                                            Date

_____

Print Your Name

**If this form is being filled out by someone who has the legal authority to act for you (such as the parent of a minor child, a court appointed guardian or executor, a custodial parent, or a health care agent), please:**

**Print the name of the person filling out this form:** _____

**Signature of the person filling out this form:** _____

**Describe how this person has legal authority for this individual:** _____

_____

---

EXHIBIT 6

## HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
### CLAIM QUESTIONNAIRE
#### SUBMIT BY AUGUST 16, 2022

I, the undersigned, am submitting this Questionnaire in support of my request for compensation as part of the Holyoke Soldiers' Home Class Settlement relating to the case captioned as <u>Sniadach et al. v. Walsh et al.</u>, 20-CV-30115-MGM.  By signing below, I hereby represent, warrant, and certify under the pains and penalties of perjury that the information provided to the Claims Administrator in this Questionnaire and any documentation submitted with the Questionnaire is true, accurate, and authentic.


_____                    _____

Date                                        Signature of Veteran or Veteran's Representative


### PROVIDE THE FOLLOWING ADDITIONAL INFORMATION

| | | |
|---|---|---|
| 1. | Name of Veteran: | |
| 2. | Contact Information for the Veteran or Veteran's Representative: | Name:<br><br>Telephone:<br><br>E-mail:<br><br>Fax:<br><br>Mailing Address:<br><br><br><br>Circle preferred method of contact:<br><br>                Email    Mail   Telephone |
| 3. | If you are acting on behalf of a living Veteran, have you been duly appointed as Conservator, Trustee, or Power of Attorney? | Circle one:             Yes / No<br><br><br>If Yes, Please Provide Documentation |

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

**HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT**

**CLAIM QUESTIONNAIRE**

**SUBMIT BY AUGUST 16, 2022**

| | | |
|---|---|---|
| 4. | If you are acting on behalf of a deceased Veteran, has a court appointed you or someone else as Personal Representative or Executor of the Veteran's Estate? | Circle one:                    Yes / No<br><br>If Yes, Please Provide Documentation.  Note that If you are acting on behalf of a deceased Veteran, a court will have to appoint a Personal Representative of the Veteran's estate prior to the disbursement of any funds. |
| 5. | In addition to filling out this form, do you wish to have the opportunity to speak directly with the Claims Administrator? | Yes _____         No _____ |
| 6. | Veteran's Date of Birth | |
| 7. | Veteran's Date of Death | |
| 8. | Veteran's Date of Admission to the Holyoke Soldiers' Home | |
| 9. | Veteran's Surviving Relatives and Relationship to Veteran (Attach Additional Form if necessary) | |

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT

CLAIM QUESTIONNAIRE

**SUBMIT BY AUGUST 16, 2022**

| 10. | Briefly describe Veteran's medical condition, health, and/or diagnoses prior to March 2020 | |
| --- | --- | --- |
| 11. | Describe the frequency and manner of communications and visits that the Veteran had with family and loved ones prior to March 2020, including the names of people who would visit or communicate with the Veteran, the types of activities that visitors would engage in with the Veteran, whether visitors would take the Veteran off-site for visits, and any other information that you would like the Claims Administrator to consider. (Attach Additional Form if necessary) | |

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
CLAIM QUESTIONNAIRE
**SUBMIT BY AUGUST 16, 2022**

| 12. | Describe the severity and duration of the Veteran's pain and suffering after contracting COVID-19, including any details regarding the course of the Veteran's treatment *Provide documentation as you think appropriate.* | |
|---|---|---|

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

## HOLYOKE SOLDIERS' HOME CLASS ACTION SETTLEMENT
## CLAIM QUESTIONNAIRE
### SUBMIT BY AUGUST 16, 2022

| 13. | Describe any financial support that the Veteran provided to others and that the Veteran would have continued to provide had he or she not contracted COVID-19. *Provide documentation as you think appropriate.* | |
| --- | --- | --- |
| 14. | Please provide any additional information or documentation that you wish to share with the Claims Administrator.  You may provide the Claims Administrator with statements from loved ones, photographs, medical records, or any other information that you believe will aid the Claims Administrator. | |

*Please return by either (1) mailing the Claim Form to Donald K. Stern, Claims Administrator, [street address, town, state zip], or (2) scanning a legible copy of this form and emailing it to [email address].*

**ATTACHMENT A TO THE CLASS SETTLEMENT AGREEMENT**

*Settlement Class Members Who Are Represented By Class Counsel*

1. Bara, Chester
2. Blais, Robert
3. Chandler, William
4. Chiz, Stanley
5. Coppez, George
6. Desrochers. Earl
7. DiPalma, Emilio
8. Duval, Robert
9. Faszcza, John
10. Foley, Francis
11. Gaudette, George
12. Gentile, John
13. Gilpatrick, Paul
14. Green, Julius
15. Janos, Michael
16. Kapinos, Theodore
17. King, Anthony
18. Labroad, Albert
19. Laplante, Chester
20. Lococo, Samuel
21. Long, Weldon
22. Mader, Ronald
23. Malandrinos, Harry
24. Mandeville, James
25. Manley, Donald
26. Manyak, Robert
27. Miller, James
28. Mundie, Alan
29. Munks, Daniel
30. Nothe, Albert
31. Piela, Alphonse
32. Pinard, Constance
33. Robidoux, Richard
34. Russo, Ricardo
35. Sallade, Fred
36. Sanky, Joseph
37. Santos, Joseph
38. Sniadach, Joseph
39. Sullivan, James
40. Szczur, Daniel
41. Thresher, Dennis
42. Zauche, Frank