```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
_____
                                    )
ESTATE OF PAUL SNIADACH, et al.     )   No. 20-CV-30115
                                    )
         Plaintiffs                 )
v.                                  )
                                    )
BENNETT WALSH, et al.               )
                                    )
         Defendants                 )
_____)
```

### AFFIDAVIT OF MICHAEL ALEO, ESQ.
### IN SUPPORT OF
### CLASS COUNSEL'S FEE PETITION

I, Michael Aleo, swear under the pains and penalties of perjury that the following is true to the best of my information and belief:

1. I serve as co-Class Counsel in the above-captioned case.

2. I earned my undergraduate degree at the University of Massachusetts in 1995, and my Juris Doctor at the Washington College of Law at American University in 2006.

3. I have been licensed to practice law since 2006.

4. I practiced employment law in Washington, D.C. and in California in 2006-2007.

5. I became licensed to practice law in Massachusetts in 2008.

6. From 2008-2011, I practiced civil rights litigation at the Lawyers Committee for Civil Rights in Boston, Massachusetts

1

(now the Lawyers for Civil Rights – Boston).

7. In the fall of 2011, I began practicing as an associate at the law firm of Lesser, Newman, & Nasser, LLP.

8. In 2016, after I was named as a partner, the law firm changed its name to Lesser, Newman, Aleo, & Nasser, LLP.

9. My practice is focused primarily on civil litigation, with a concentration in employment, personal injury, and complex civil disputes.

10. My regular billing rate is currently $450 per hour.

11. I have contemporaneously documented the time that I have spent working on this dispute, which is summarized in a 37 page document that includes over 750 entries. I will provide that summary if the Court deems it appropriate.

12. I have documented a total of at least 1,015 hours that I have spent working on this matter.

13. My documentation of the time is conservative in that it omits a considerable amount of time that I spent working on this case that I failed to contemporaneously document (such as numerous telephone calls and meetings with many of the named plaintiffs early on in the dispute, communications with the press, research of peripheral legal issues, communications with outside counsel regarding the legal theory of the case, etc.).

14. The time that I spent working on this case resulted in my decision to decline many requests to represent other clients.

15. In working on this case, I worked directly with two legal secretaries at our office, Sharon Andres and Susannah Gatling, who both spent many hours working on the matter.

16. Ms. Andres assisted in communicating with Class Members, preparing probate forms, and adopting attorney revisions to communications, memoranda, and legal pleadings. Class Counsel is not submitting Ms. Andres' hours as part of this petition, but, based on my review of the work she has performed in this action, I would estimate the time that she has spent working on this matter to easily exceed 100 hours.

17. Ms. Gatling has been the principal point of contact with Class Members and with the Probate Courts. Ms. Gatling created files to gather information about respective Class Members; created spreadsheets that tracked tasks related to Class Members; revised forms to be used in gathering information about Class Members; communicated on a daily basis about matters relating to this case with Class Counsel, veterans' families, and/or Probate Court personnel; prepared, revised, and filed dozens of petitions with Probate Courts for the appointment of Personal Representatives; reviewed and revised Class Counsel communications and pleadings; and so much more. In 2021, due to the amount of work required on this case, the firm increased the number of hours that Ms. Gatling worked each week. Class Counsel is not submitting Ms. Gatling's hours as part of this

petition, but, based on my review of the work she has performed in this action, I would estimate the time that Ms. Gatling has spent at least 1,000 hours working on this matter, which, at our normal billing rate would total $90,000. Further, if the Class Settlement Agreement is finally approved, Ms. Gatling will continue to spend considerable time working on this matter into 2023, assisting with the logistics of communicating with Class Members to arrange payments of the settlement awards and communicating with the Centers for Medicare and Medicaid Services to resolve any Medicare liens that might exist for each of the 164 participating Class Members.

    18. When our firm charges for the time that our legal secretaries work on a matter, we charge a standard rate of $90 per hour, which is less than what this Court recently awarded in fees performed by the work of paralegals <u>Gonpo v. Sonam's Stonewalls & Art, LLC</u>, Civil Action No. 16-40138-MGM (D. Mass. Apr. 1, 2021) (setting rate for paralegals at $100 per hour).

Date: November 2, 2022       */s/ Michael Aleo*
                                             _____

<u>CERTIFICATE OF SERVICE</u>

 I, Michael Aleo, hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: November 2, 2022   */s/ Michael Aleo*
             _____