UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ESTATE OF PAUL SNIADACH, et al. ) <br> ) <br> Plaintiffs ) <br> v. ) <br> ) <br> BENNETT WALSH, et al. ) <br> ) <br> Defendants ) <br> ) | No. 20-CV-30115 |

## FINAL JUDGMENT AND ORDER OF FINAL APPROVAL

This Court having considered: (a) the Class Settlement Agreement dated May 20, 2022, between the Plaintiffs, the Defendants, and the Commonwealth of Massachusetts' Governor's Office; (b) Class Counsel's Motion for Final Approval of the Class Settlement Agreement; (c) the Objection filed by the Bryant Estate; (d) Class Counsel's Opposition to the Objection by the Bryant Estate; (e) the Commonwealth's Opposition to the Objection to the Bryant Estate; (f) the Joint Motion to Approve the Withdrawal of the Objection by the Estate of Joseph P. Bryant; (g) Class Counsel's application for attorney fees; and (h) the arguments made at the hearing held on November 14, 2022, and having considered all of the submissions and arguments and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The Court certifies the following two Settlement Classes:

1

> Settlement Class A: Any veteran, or estate of a deceased veteran, who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, who (i) tested positive for COVID-19 during that same period and (ii) did not die prior to June 23, 2020.
>
> Settlement Class B: Any estate of a veteran who was living at the Holyoke Soldiers' Home at any time between March 1, 2020 and June 23, 2020, and who, at the time of the veteran's death, which death occurred at any time between March 1, 2020 and June 23, 2020, (i) had tested positive for COVID-19, (ii) had Coronavirus listed as one cause of death on his or her death certificate, (iii) tested positive for COVID-19 and also had Coronavirus or a similar cause of death listed as one cause of death on his or her death certificate, and/or (iv) is a named plaintiff in the Second Amended Complaint, in the above entitled lawsuit.

In so holding, the Court finds that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for settlement purposes because: (1) the class includes at least 164 veterans or estates of veterans who were infected with the COVID-19 virus during the relevant class period, from March 1 through June 23, 2020, making the class so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class, such as whether the defendants' conduct rose to the level of a constitutional deprivation and whether that deprivation caused the veterans' injuries; the claims and defenses of the Class Representatives are typical of the claims and defenses of the members of the Class; the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class with regard to the claims

of the Class; the common questions of law and fact predominate over questions affecting only individual Class Members; and the certification of the Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the controversy.

2. The Court finds that Notice was given to the Class in the manner approved by the Court in its Preliminary Approval Order of June 6, 2022, and that such Notice was reasonable and the best practicable notice, calculated to apprise members of the Class of the terms of the Settlement, and of Class Members' right to participate in the settlement, opt out of the settlement, or object to the settlement and appear at the settlement fairness hearing held on November 14, 2014.  Each Class Member did, in fact, receive such Notice.

3. No potential class members elected to opt out of the settlement in order to bring their own individual lawsuit.

4. The Court finds that the execution of the Class Settlement Agreement was the product of extensive arm's length negotiations between counsel for the Plaintiffs, counsel for the Defendants, and counsel for the Commonwealth of Massachusetts' Governor's Office.

5. The Court finds that adequate investigation was conducted to allow the parties to identify potential Class Members and assess the merits of the Plaintiffs' claims.

6. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement set forth in the Class Settlement Agreement, finding the terms thereof to be fair, reasonable, and adequate.

7. The Court hereby directs the parties to implement the terms and provisions of the Class Settlement Agreement, subject to mutually agreeable modifications and amendments as necessary to effectuate the final resolution of such terms and provisions.

8. The claims against the Defendants are hereby dismissed with prejudice and without costs to any party, except as described herein.

9. Upon the Settlement Effective Date, the 164 Class Members participating in this settlement shall release and forever discharge the Defendants and the Commonwealth Released Parties from any and all claims, as described in the Releases that the Class Members signed and submitted to the Claims Administrator as part of the claims process.

10. Having considered the Objection filed by the Bryant estate, which was the only Objection filed by a Class Member, the responses to the Objection filed by Class Counsel and the Commonwealth, and the Joint Motion to Approve the Withdrawal, the Court hereby allows the Bryant estate to withdraw its Objection.

11. Pursuant to Rule 23(h)(3) and 52(a), the Court

approves Class Counsel's application for an award of attorney fees and costs based on the following findings of fact and law:

 a. The settlement confers a substantial benefit on the members of Settlement Class A and Settlement Class B;

 b. The benefit conferred on the Class is immediate and readily quantifiable as, upon this Judgment becoming final, each Class Member who has submitted a valid Claim Form will receive a significant cash payment as determined by the Claims Administrator based upon the information submitted to him by Class Members;

 c. As detailed in Class Counsel's Motion for Final Approval, the risks posed by litigation, including both the likelihood of success on the merits and the likelihood of recovering any judgment awarded at trial, were significant;

 d. Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this highly complex case;

 e. It was in the interests of the Class Members to resolve the case at an "early" stage without further litigation;

 f. The Settlement was obtained as a direct result of Class Counsel's skillful advocacy;

 g. The Settlement was reached following extensive negotiations between Class Counsel and counsel for the Commonwealth of Massachusetts' Governor's Office;

 h. The attorney fees sought were negotiated as part of and included in the Class Settlement Agreement;

 i. Class Members were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorney fees in an amount of 25% of the amount awarded to Class Members and no Class Member has opposed the requested fees;

 j. Using the "percentage of fund" method of calculating attorney fees in a common fund case is the preferred method in the First Circuit and the most appropriate method to determine a fair fee in this case;

k. The attorney fees award does not reduce the settlement amounts that the Claims Administrator awarded to the Class Members, as the funds designated for attorney fees were separately negotiated;

l. The attorney fees that Class Counsel will receive constitute less than 20% of the total amount that the Commonwealth will expend to fully resolve this case, which is on the lower end of fees awarded to Class Counsel in the First Circuit in common fund cases. See Bezdek v. Vibram USA Inc., 79 F. Supp. 324, 349-350 (D. Mass. 2015) aff'd, 809 F.3d 78 (1st Cir. 2015) ("Within the First Circuit, courts generally award fees 'in the range of 20-30%, with 25% as "the benchmark."' Latorraca v. Centennial Techs., Inc., 834 F. Supp. 2d 25, 27-28 (D. Mass. 2011) (collecting cases).");

m. Neither the Defendants nor the Commonwealth oppose the requested attorney fees award;

n. Had the Court elected to reduce the attorney fees contemplated in the Class Settlement Agreement, the reduced amount would revert to the Commonwealth, which is not opposing the award, and the reduced fees would not serve to increase the amounts received by Class Members; and

o. Allowing the requested award is consistent with the public policy interest in reasonably encouraging attorneys to pursue claims such as this one.

Accordingly, Class Counsel are hereby awarded $11,512,500, which is 19.8% of the $57,912,500 that the Commonwealth paid to resolve this case. The Court finds this award to be fair and reasonable and which amount shall be paid to Class Counsel out of the Global Settlement Amount in accordance with the Class Settlement Agreement. Class Counsel may also recover costs, but no additional fees, incurred on behalf of individual Class Members from the respective Class Members awards without further

6

leave of this Court.

12. Without affecting the finality of this Order, and for the purpose of protecting and effectuating this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Class Settlement Agreement. In the event that the settlement does not become effective according to the terms of the Class Settlement Agreement, this Order shall be rendered null and void as provided by the Agreement.

Date: 11/14/22